## Case No. 12,368.

### SARGENT MANUF'G CO. v. WOODRUFF et al.

[5 Biss. 444.] [1]

Circuit Court, W. D. Wisconsin. Oct.. 1873.

PATENTS — PRELIMINARY INJUNCTION — PRESUMPTION FROM ISSUANCE OF LETTERS PATENT.

1. The ruling of a federal court in one circuit on a motion in a patent case is not a sufficient decision upon the merits to warrant another court in issuing a preliminary injunction where the infringement is positively denied.

[Cited in Cornell v. Littlejohn, Case No. 3,-238.]

2. Where the defendant is manufacturing under letters patent, the presumption is that he is not infringing, and unless the court can see, from an inspection alone of the patent, that it is an infringement, the court will not issue an injunction until after a full hearing.

[Cited in Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 679.]

This was a bill for an injunction to restrain the defendants [Henry S. Woodruff and others] from infringing letters-patent for an improved buckle, granted to A. H. Cole, October 10, 1865, and of letters-patent for an improvement in buckles, re-issued to one John W. Mashmyer, assignee of Samuel S. Sargent, dated the 13th day of April, 1873.

E. W. Stoughton, for complainant.

J. A. B. Cassoday, for defendant Woodruff.

HOPKINS, District Judge. The complainant moves for a preliminary injunction on the bill and affidavits in support thereof. The defendant Woodruff has answered, and presented and read with his answer, in opposition to the motion, divers affidavits of parties skilled in the business, to the effect that the buckle manufactured and sold by him is not an infringement of the complainant's patents above mentioned or either of them. The defendant also sets up in his answer that on the 9th day of January, 1872, he obtained letters-patent for an improved buckle, under which he is manufacturing and selling the buckles complained of. His buckle is known in the trade as the "Champion" buckle, and has met with very general approval and is extensively used. On the argument the complainant's counsel based the right to an injunction principally upon the Cole patent, which buckle is known commonly by the trade as the "Cole Wedge" buckle. The complainant sets out in his bill that in a case pending and tried in the circuit court for the Northern district of New York, before Judge Woodruff, brought by one William L. Starr, deceased, against Frazer and Burns, the validity of the complainant's patents was established, and an injunction was therein granted restraining those defendants from manufacturing and selling a buckle

known as the "Eureka" buckle, which was the invention alleged in that case to infringe upon the Cole Wedge patent buckle, and that a decree was entered therein perpetually enjoining those defendants from the manufacture and sale of the Eureka buckle; that the defendants in that suit then refrained from manufacturing the Eureka, but continued to manufacture the Champion under an agreement with this defendant; that afterwards an application was made to that court, Judge Woodruff presiding, for an attachment against the defendants therein for violating the injunction in manufacturing and selling the Champion buckle, and that after hearing the parties on that motion the court adjudged the defendants guilty, holding that the Champion infringed upon the Cole Wedge patent. It does not appear, nor is it alleged, that the question of infringement involved in this suit has ever been tried in any other manner than on that motion. The papers in this case show that at the trial of that case the defendants therein were manufacturing the Champion as well as the Eureka, notwithstanding which, however, there was no charge or claim then made, that this defendant's invention, the Champion buckle, was an infringement of the Cole Wedge buckle. If that court had tried the question of infringement involved in this suit, in the usual and formal mode of trying such questions, I should regard the decree as sufficient, prima facie, to authorize the granting of the preliminary injunction prayed for herein. For after one fair trial of the question on its merits in one court, other courts should presume the decision to be right, and follow it, so far, at least, as to restrain all parties preliminarily from manufacturing or selling the illegal or piratical article in another suit, founded upon the same right and involving the same question. But I do not think the decision of the learned judge on that motion sufficient to warrant another court, in a suit where the infringement is positively denied, in granting a preliminary injunction without reference to the facts proven in the case before it.

The defendant's counsel contended, with a good deal of force and reason, that the plaintiff therein, the assignee of the Cole Wedge patent, did not then consider the Champion as an infringement of the Cole patent, for if he had he would have raised the question on the trial, as the defendants therein were manufacturing the Champion at that time, as well as the Eureka. This position of the defendants is not easily answered. It, at least, tends to show that the infringement is not so manifest as the complainant's counsel now pronounce it. I cannot, therefore, regard the decision of his honor, Judge Woodruff, as conclusive, or as sufficient authority upon the question of infringement, without reference to the facts appearing on this motion, to grant the injunction asked for, but must look into the motion papers and see

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

how the question appears from them. In examining this question it must be borne in mind that the defendants are not pirating upon the rights of the complainant. They have obtained and are acting under letters-patent from the proper authority, and the same presumption follows from their letters as from the complainant's. The presumption is that the buckle is not an infringement, and a party acting in good faith under such letters-patent is entitled, on an application of this character, to claim with great force the presumption springing from the issuance of the letters. This consideration on the final hearing may not be entitled to as great weight as now, for it is clear that the decision of the commissioners of patents is not conclusive or binding upon the courts. They may annul and vacate a patent unquestionably, but until the claimant has had a full and fair opportunity to try that question of fact before a court, he should not be enjoined, unless an inspection alone of the invention should most clearly convince the court of the infringement. This is the well-settled doctrine of the courts on this question. Winans v. Eaton [Case No. 17,861]; Parker v. Sears [Id. 10,748]; Goodyear v. Dunbar [Id. 5,570]; American Nicholson Pavement Co. v. City of Elizabeth [Id. 312]. In the latter case Justice Strong, who delivered the opinion of the court, says: "The grant of the letters-patent was virtually a decision of the patent office that there is a substantial difference between the inventions. It raises the presumption, that, according to the claims of the latter patentees, this invention is not an infringement of the earlier patent. This presumption, although it may be overcome, is not to be disregarded in considering a motion for a preliminary injunction." The granting of an injunction in patent cases is discretionary as in other equity cases; and where the equity of the bill is fully denied it is not usual to grant one. In this case the fact of infringement is fully denied by defendant's answer under oath, and in support of which he has filed the affidavits of eleven persons, who profess to be skilled in such matters, to the effect that the Champion is not an infringement of either the Cole Wedge or Mashmyer patents. The respective parties have also presented to the court their several letters-patent, and specimens of their buckles, and have made various experiments, to test the quality and operation of each, the one to show their identity and the other their dissimilarity, from which I do not see the infringement sufficiently clear to warrant me in granting the complainant's motion. I think it better to let the parties continue to manufacture their respective articles at their peril until the question can be determined upon evidence taken in the ordinary way, rather than to express any decisive opinion upon the question at this time, based upon the ex-parte affidavits of the parties themselves and of other witnesses, claimed to be interested in this matter.

The motion is therefore denied.