## Case No. 5,757.

GREEN v. FRENCH. SAME v. SMALLEY. SAME v. VAN WINKLE. SAME v. GARDINER.

[4 Ban. & A. 169;[1] 16 O. G. 215; 2 N. J. Law J. 148.]

Circuit Court, D. New Jersey. March 25, 1879.

PATENTS—INJUNCTION TO PREVENT INFRINGEMENT—LACHES.

1. The question of laches, as bearing upon an application for a preliminary injunction, discussed.

2. Whether acquiescence can be inferred from failure to bring suit against defendant, during the pendency of other suits, against other par-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

ties, to determine the patentee's rights under the patent, considered.

3. Where the validity of the complainant's patent has been established by protracted and expensive litigation, and the proof of the infringement is clear, the court has no discretion, but is bound to grant a preliminary injunction. Gibson v. Van Dresar [Case No. 5,402], cited and followed.

[Cited in Cary v. Lovell Manuf'g Co., 24 Fed. 143; Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 679; Coats v. Merrick Thread Co., 149 U. S. 562, 13 Sup. Ct. 970.]

[This was a bill by Benjamin F. Green against Phineas French, William L. Smalley, Daniel G. Van Winkle, and William E. Gardiner, for the infringement of reissued letters patent No. 4,372, granted to N. W. Green, May 9, 1871, the original patent, No. 73,425, having been granted January 14, 1868.]

Joseph C. Clayton and A. Q. Keasbey, for complainant.
Van Winkle & Maxon, for defendants.

NIXON, District Judge. This is an application for a preliminary injunction. The validity of the complainant's patent has been established by two adjudications—one in the Second circuit, in the strongly contested case of Andrews v. Carman [Case No. 371], before Judge Benedict, and the other in the Eighth circuit, in Andrews v. Wright [Id. 382], before Judges Dillon and Nelson, the case not yet reported.

The answering affidavits of the defendants in this case substantially admit the infringements, in fact, although they deny it in words, and the only question is, whether there has been such an acquiescence of the complainants in the use of these wells by the defendants as to make it proper for the court to deny an interlocutory injunction. The general principle of equity jurisprudence which underlies applications of this sort is, that the court will not lend its help, by way of preliminary injunction, in those cases where it appears that the complainant has acquiesced in the infringement and unreasonably delayed suit against the infringers. When patentees sleep over their rights, without an excuse, they must not rely upon the extraordinary aid of the court when they awake from their slumbers, but must be satisfied with such relief as may be afforded by the ordinary course of practice, after final hearing.

The reissue on which this action is based was granted May 9, 1871 [No. 4,372]. Within one year from that date the owners of the patent began a suit against an alleged infringer in the Eastern district of New York, which grew into such large proportions that three weeks were allowed and taken in the final argument, and which resulted, in 1876, in a decree sustaining the validity of the patent. The complainant explained his delay in the present case by showing that the suit above referred to was regarded by himself

and many others as a test case, and that he had not the pecuniary means to prosecute all infringers, nor was he disposed to promote litigation by a multiplicity of suits, until the vital questions raised by the pleadings and evidence in that case were settled by the decision of a competent tribunal.

A delay in bringing actions against infringers, when satisfactorily accounted for, is not to be treated as laches. It would be a great hardship to require patentees, who are generally poor, to institute legal proceedings as soon as an infringement was ascertained or lose the right to the protection which an interlocutory injunction affords. Judges Nelson and Betts, in Van Hook v. Pendleton [Case No. 16,851], held that the owner of a patent was not to be charged with acquiescence in an infringement because he withheld suit during the pendency of other suits to determine his rights under the patent. They say: "It is contended * * that an injunction ought not to be granted, on the ground that the plaintiff has acquiesced in the use of this machine by the defendants; that he has known of its use and has not interfered to prevent it. We do not think this objection can prevail. It does not satisfactorily appear that the plaintiff knew how the defendants' machine was constructed, or how far it infringed upon his; and, if he did know, we do not hold that he forfeited his right to protection by injunction against the infringement, because he did not apply sooner. He brought other suits, one against one of these defendants, to vindicate his rights; and he is not to be charged with acquiescence because he proceeded first against that which was a more palpable and obvious violation of his right, or because he had not brought suit against all the machines which infringe upon it."

It may be further observed that the affidavits of the defendants do not disclose the fact that the complainant has had any knowledge of the existence of the defendants' driven wells. They allege generally, that for several years he has had personal information and knowledge that various parties were engaged in the business or occupation of sinking driven wells in North Plainfield, in the county of Somerset, and that not until within the past few weeks has he taken any proceedings to restrain any of said parties from the sinking of such wells.

The complainant, on the other hand, says, that there has been no acquiescence on his part except what may be implied from his not bringing suits against known infringers; that he has warned and cautioned all of whom he has heard against the consequences of infringement, and demanded the payment of the established royalties, before he commenced prosecutions; that in some cases the parties have agreed to pay the royalties, and have thus saved to the complainant, and to themselves, the expenses of litigation, while, in other cases the right of the complainant

has been, at first, recognized and payment promised, and afterwards refused.

The case falls within the principle announced by Judge Nelson as governing the court in the Second circuit in Gibson v. Van Dresar [Id. 5,402], to wit; that the court has no discretion, but is bound to grant a preliminary injunction where the validity of the complainant's patent has been established by protracted and expensive litigation, and the proof of infringement is clear.

An injunction is ordered in the above stated case, and also in the several suits pending against William L. Smalley, Daniel G. Van Winkle, and William E. Gardiner, until final hearing, or further order of the court.

[For other cases involving this patent, see note to Andrews v. Denslow, Case No. 372.]