COBURN and another v. CLARK.*

(*Circuit Court, E. D. Missouri.* March 12, 1883.)

1. PATENTS—EFFECT OF DECISIONS AS TO VALIDITY—PRELIMINARY INJUNCTION.
    Where a motion is made for a preliminary injunction for an alleged infringement of a patent, which has been held valid without collusion in a contested patent case, the validity of the patent will be considered settled for the purposes of the motion.

2. SAME.
    Where, however, the decision does not show what claims were held valid, nor what would be an infringement, the following questions are left open, viz.: (1) What are the contrivances covered by the patent? (2) Has the defendant infringed the same?

*Reported by B. F. Rex, Esc., of the St. Louis bar.

Motion for a preliminary injunction to restrain the defendant from infringing two letters patent of the United States, one being for an "improvement in cases for transporting eggs," and the other for an "improvement in egg-boxes." The first of said patents contains two and the other three claims.

*Overall & Judson*, for complainants.

*John M.* and *Ch. Krum*, for defendant.

TREAT, J. It is unadvisable on a preliminary motion to express an opinion concerning the merits of a controversy to be determined at final hearing. It seems that the United States circuit court of the southern district of New York has held, on final hearing in a case before it, that plaintiffs' patents are valid, the decree in which case is for the purposes of this motion to be considered conclusive. It also appears that Judge McCRARY, of this circuit, acting upon such adjudication, and possibly other matters presented, has awarded preliminary injunctions.

Under such rulings nothing remains but to grant similar orders, provided the alleged infringements are the same, substantially or colorably. It has been the course of proceedings here for more than 20 years, and elsewhere, to accept a decision in a patent case, when made on the merits, without collusion or on mere default, as an adequate basis for a preliminary injunction, so far as the validity of the patents is involved; leaving open for inquiry on such motion solely the question of infringement.

Under the rules governing such motions the decisions upholding the Stevens and Bryant patents must control. But what are those patents; that is, what do they cover? It is very easy to grant an order perfunctorily that defendant shall not infringe plaintiff's patents; but such a perfunctory order leaves open the whole subject of controversy. The defendant may deny an infringement, and, consequently, if his course of business does not infringe, what effect has the order? He is enjoined not to do what he has not done and what he does not propose to do. Hence the injunction order in such form would be a mere *brutum fulmen.* It is, therefore, essential to ascertain whether the defendant has *prima facie* infringed a valid patent, for the complainant has no right to drag into a court of equity as a defendant one who is not answerable to equitable proceedings. The defendant has a right to stand on his denials.

The primary inquiry is, the patents being considered valid, on what construction thereof plaintiff's rights are based. For the pur-

poses of this preliminary investigation the patents must be considered valid, but there remains the question as to the true construction of the patents; *i. e.*, for what devices were the patents lawfully granted. It is to be noted that there has been, at least as to one of the patents, a disclaimer and a reissue, from which the matter patented has to be determined.

It is not proposed now to go behind the decision made in the southern district of New York (which settled nothing definitely as to what was really patented) which hold the patents valid. Nor is it proper to consider otherwise than as authoritative the interlocutory views of Judge McCRARY, in this circuit, upon the patents in question. Hence there remain only two propositions to be considered: *First*, what are the contrivances covered by the patents? *Second*, has the defendant infringed the same?

It is held, for the purposes of this motion, that the plaintiffs have an exclusive right to the combination of more than two trays in a case; and also to the interlocked form of the separated trays. The injunction order will go against the infringement of said *combination*, and also of the construction of said interlocked form of trays. There are many suggestions proper concerning interlocutory orders in cases of this kind, which, if made, might be considered not in accord with the views expressed by many *nisi prius* courts, but which ought to be weighed more fully than has heretofore been done. For instance, a court in final hearing may decide a patent valid, which patent contains many claims, and the construction of which patent, as to one or many of the claims, is not disclosed, especially as to the alleged infringement of one or more of said claims. Is it to be taken for granted that the court held the patent valid as to each and every claim, when possibly the alleged infringement was as to one of the claims alone, and that claim was alone under consideration?

The cases now before the court are illustrative. Here are various patents,—one for combinations and another for mechanical devices. The patents have been held valid; but as to what? What construction has been given to the respective patents, and as to what alleged infringement? What shall now be held as concluded for the purpose of the present motions, unless it is disclosed what some other court decided in respect to each of the essential matters pertaining thereto? These questions are complex, and not perfunctory. An examination of the cases cited with regard to the very patents in question furnish very little light with regard to the subjects now in dispute.

A more seaching inquiry is needed for preliminary injunctions than a mere perfunctory order, covering, in an indefinite manner possibly, all the claims of a patent, and all possible infringements of valid or invalid claims, when it is impossible to determine from a final decree what was in detail decided.

The true rule should require it to be shown what claim was held to be valid; the validity of that specific claim having been brought into question. It may be that the court on final hearing passed on only one of many claims, and that the alleged infringement in such a case pertained only to that specific claim. How is it as to other claims on which no decision has been made? Must a court, on a motion for a provisional injunction for alleged infringement of some other claim, deem itself concluded when no court has passed upon the specific inquiries? There should be a careful investigation of the precise points decided, and of the alleged infringement; otherwise great wrongs may be perpetrated against one or the other of the parties litigant. Preliminary injunctions are not to be granted, it may be destructively, to defendants merely because an indefinite decision has been made by some court whose views are not disclosed in its decree; and, on the other hand, when plaintiff's rights have been fairly determined, should piracy be tolerated *pendente lite?*

These general views are expressed in the interest of all parties to like controversies.

An examination of the several decisions in the United States circuit court for the southern district of New York fails to furnish any construction of the several patents whereby the action of this court can be aided; nor is it shown with distinctness what claims were held valid, nor what would be an infringement of claims held valid.

Without further comment, the injunction order will be issued as herein stated, leaving for final hearing matters looking to the validity of the respective patents.