### MALLORY MANUF'G CO. *v.* HICKOK and another.

*(Circuit Court, D. Connecticut. April 5, 1884.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION—PREVIOUS ADJUDICATION.

Upon the decision of a motion for a preliminary injunction against the infringement of a patent, which has been sustained by a previous adjudication, it is proper, as a general rule, to follow the construction of the patent given upon such adjudication, provided the construction was given with deliberation and thoughtfulness in the use of language.

Motion for Preliminary Injunction.

*Eugene Treadwell,* for plaintiff.

*Wm. Edgar Simonds,* for defendants.

SHIPMAN, J. This is a motion for a preliminary injunction against the infringement of letters patent to George Mallory, dated February 11, 1868, for an improvement in hats. The defense is non-infringement. The invention is described and the patent is construed in *Mallory Manuf'g Co.* v. *Marks,* 20 Blatchf. C. C. 32.[1] It is not claimed that the present defendants use twisted wire, and, for the purposes of

[1] S. C. 11 FED. REP. 887.

this motion, it is admitted that round bent wire is used. The only question is whether such use is an infringement. Upon the decision of a motion for a preliminary injunction against the infringement of a patent which has been sustained by a previous adjudication, it is proper, as a general rule, to follow the construction of the patent which was given upon such adjudication, provided the construction was given with deliberation and thoughtfulness in the use of language. Judge BLATCHFORD says in his opinion that the specification uses the word "bent" as synonymous with the word "twisted;" and further says: "The hoop of the claim must be a spring hoop twisted substantially in the manner described in the patent. This construction is necessary to sustain the claim, in view of the state of the art as shown." I do not mean to say that the question in regard to the proper construction of the patent is to be considered as finally settled by the decision in the *Marks Case,* but, for the purposes of this motion, it is not expedient to depart from Judge BLATCHFORD's construction, which was carefully given.

The motion is denied.