CONSOLIDATED BUNGING APPARATUS CO. *v.* PETER SCHOENHOFEN BREW-
ING CO.[1]

*(Circuit Court, N. D. Illinois.   July 26, 1886.)*

1. PATENTS FOR INVENTIONS—CONTEST IN PATENT-OFFICE—INJUNCTION.
     The action of the patent-office in granting a reissue, after an exhaustive dis-
     cussion and examination of the art, in which opposing interests to the grant
     were fully heard, is of weight in an application for a preliminary injunction
     to restrain infringement of the reissue.
2. SAME—INCIDENTAL CONSIDERATION OF PATENT—NOVELTY.
     The patent sued on having been discussed in its relation to the state of the
     art in another suit, (*New Process Fermentation Co.* v. *Koch,* 21 Fed. Rep. 580,)
     where it was held. to anticipate the patent there sued on, and infringement
     being clear, such decision considered, on the question of novelty, and a pre-
     liminary injunction granted.

In Equity.
*W. W. Leggett, Banning & Banning,* and *Dyrenforth & Dyrenforth,*
for complainants.
*West & Bond, Geo. B. Selden,* and *John N. Beckley,* for defendants.

BLODGETT, J.    This is an application for a preliminary injunction
to restrain the alleged infringement by defendant of reissued patent
No. 10,284, granted February 6, 1883, to John M. Pfaudler, Edward
J. Kelsey, Josiah Sullivan, and James Sargent, (the last three being
assignees of Pfaudler,) for an "apparatus for regulating the pressure
in a series of fermenting vessels," the original patent having been
issued to Pfaudler, July 2, 1878, and the application for the reissue
having been filed August 26, 1879.   It is stated in the specifications
that the "invention has for its object to provide an effective appara-
tus for equalizing the pressure in a series of hogsheads or other ves-
sels containing beer, wines, or other liquids in a state of fermentation,
and for regulating the pressure of the gas caused by such fermenta-
tion, so that it shall not exceed a certain number of pounds to the
square inch, previously determined and gauged in the said appara-
tus."   The apparatus, as described in the specifications and draw-
ings, consists of one or more reservoirs, connected by pipes with the
hogsheads or other vessels containing the fermenting liquids.   To
this reservoir is attached an escape pipe, with a pressure gauge at-
tached, so that, when the pressure in the reservoir exceeds the amount
at which the gauge is set, the gas blows off through the escape-pipe
until the pressure is reduced to the gauge; and it is claimed that by
this apparatus the pressure in the casks is equalized, the process of
fermentation in the different vessels is made uniform, and, as applied
to beer, the liquid settles and. clarifies much more rapidly than by
the old process of finishing.   Defendant denies the patentable novelty

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

of the device, and the validity of the reissue, but the use of an apparatus, which in its mode of operation and effect is substantially like that covered by the principle of the complainant's device, is admitted.

From the contention of the parties on the argument of this motion, —and they each seem to have been fully prepared,—it seems to me that complainant's rights under this patent must turn mainly upon the question of the novelty of Pfaudler's device. As the proof now stands in the case, it would seem that a very vigorous contest was made over the reissue of this patent, and the patent-office, after an exhaustive discussion and examination of the state of the art, in which the interests opposed to the patent were fully heard, awarded the reissue. In view of the action of the patent-office, in the face of vigorous opposition, and of the decision of Judge Brown of the Eastern district of Michigan in the case of *New Process Fermentation Co.* v. *Koch,* 21 Fed. Rep. 580, where this patent was considered and discussed in its relation to the state of the art, I think complainant entitled, upon the present showing, to an injunction as prayed in the bill.