## NORTON DOOR CHECK & SPRING Co. *v.* HALL *et al.*

*(Circuit Court, D. Massachusetts.* February 5, 1889.)

**PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.**

Letters patent No. 144,926, November 25, 1873, to F. H. Richards for an improvement in door-springs, describe a cylinder in which is fitted a piston, and at the end of which is a screw having a longitudinal groove of varying area. The pressure of the piston compresses the air in the cylinder, and partially checks the motion imparted to the door by a spring, but not entirely, owing to the slow escape of the air through the groove. The escape of air is regulated by adjusting the screw. Defendant's device consists of a cylinder and adjustable valve at its end, and a piston. A device prior to that of Richards consisted of a tube on the door in which was a piston. A hole at the end of the tube was covered, but not closely, by a valve resting on the end of a screw, the size of the vent being regulated by the screw. A weight on the piston was suspended from a cord which passed over a sheave to the lintel to

[1] Not reported.

which it was attached. *Held*, that in view of such prior device, and of the Corliss dash-pot, the question of infringement was so doubtful that a preliminary injunction should be denied.

In Equity. On motion for preliminary injunction.

Suit by the Norton Door Check & Spring Company against Henry J. Hall and others to restrain the infringement of letters patent No. 144,926, November 25, 1873, to F. H. Richards for an improvement in door-springs. The invention is fully described in *Norton Door Check & Spring Co.* v. *Elliott Pneumatic Door-Check Co. et al.*, 26 Fed. Rep. 320, except that in the cylinder cap there is a threaded hole, in which is located a screw having a longitudinal V-shaped groove on one side. The area of the groove increases towards the point of the screw, so that the aperture formed by it may be increased or decreased by withdrawing or further inserting the screw, thus regulating the escape of air. In the Sargent door-check, manufactured by defendants, there is a cylinder combined with a piston adapted to move in it. As the door opens, the piston is entirely withdrawn from the cylinder, but as it closes, the piston enters the cylinder, and compresses the air in it. At the closed end of the cylinder is an adjustable valve, which permits the slow escape of the air. The door-check used in Colt's armory in 1863 consisted of a tube attached at about the middle of the width of the door on the side facing the jambs in closing. Within the tube was a weight suspended at the end of a cord, which passed over a sheave near the top of the door, and thence horizontally to the under side of the lintel to which it was attached. At the lower end of the weight was a piston, which fitted the tube so as to make it substantially air-tight, and at the bottom of the tube was a hole, covered by a poppet-valve, which, on the descent of the weight and piston, nearly closed the hole, so as to permit the air to escape slowly. A vertical screw, on the point of which the bottom of the valve rested when in its lowest position, prevented the valve from falling entirely to its seat, and by adjusting the screw the rapidity of the escape of the air could be regulated.

*Chauncey Smith* and *George O. G. Coale*, for complainant.

*Benjamin F. Thurston* and *John K. Beach*, for defendants

COLT, J. In the case of the complainant company against the Elliott Door-Check Company (26 Fed. Rep. 320) this court sustained the validity of the second claim of the Richards patent, No. 144,926, for an improvement in door-springs. The claim was as follows: "The grooved screw, I, for adjusting the vent, in combination with the packing, H, piston, G, tube, D, and coiled spring, F, or equivalent, substantially as herein shown and described." In the opinion in the *Elliott Case* the court said: "We must also bear in mind that Richards was the first to organize a machine to check the motion of a door before it closes, and thus prevent slamming; and that, therefore, his patent is entitled to a broad construction." In the present case I am referred to prior devices which were not before me in the *Elliott Case*. An examination of these devices has led me to the conclusion that I may have given too broad a construction

to the Richards patent in the other suit. Indeed, I may say that the Corliss air dash-pot, and the exhibit Colt's armory door-check, now for the first time introduced as evidence, have raised a doubt in my mind as to the soundness of the construction put upon the second claim of the Richards patent in the Elliott suit. From a working exhibit introduced by the defendants it would seem to make little or no difference so far as checking the motion of the door before slamming, whether the adjustable screw is placed at the side or bottom of the cylinder, provided the piston does not fit too closely the bore of the cylinder. In other words, I am not clear in my own mind that there is not found in the Corliss dash-pot the substance of what is described in the second claim of the Richards patent. Further, in the exhibit Colt's armory door-check it is admitted that the device consists of a cylinder, a piston, or equivalent, an adjustable vent, a weight, and a valve, which permits the air to enter the cylinder when the weight is raised by the opening of the door. If we substitute a spring for the weight, the combination of devices here shown comes close to those found in the second claim of Richards' patent. For the purpose of deciding this motion I am not called upon to critically compare the Richards device with the Corliss dash-pot or the Colt door-check. It is sufficient for me to say at this time that, after hearing the arguments of counsel, and upon a careful examination of the evidence and exhibits, a doubt is cast upon my mind whether, in view of the prior state of the art, the defendants infringe the second claim of the Richards patent. It is my duty, therefore, to deny this motion, and to postpone the determination of the questions now raised to final hearing. Motion denied.