## EARL v. SOUTHERN PAC. CO. et al.

### (Circuit Court, N. D. California. August 17, 1896.)

### No. 12,191.

1. FEDERAL COURTS—JURISDICTION IN PATENT CASES—RESIDENCE OF DEFENDANT.

The provision in the judiciary act of 1887–88, requiring suits to be brought in the district whereof the defendant is an inhabitant, does not apply to patent suits, whether the defendant is a corporation or an individual, and either may be sued wherever valid service can be had. In re Hohorst, 14 Sup. Ct. 221, 150 U. S. 659; In re Keasbey & Mattison Co., 16 Sup. Ct. 273, 160 U. S. 221, followed.

2. PATENT SUITS—PRELIMINARY INJUNCTION—EFFECT OF PRIOR ADJUDICATIONS.

Upon a motion for a preliminary injunction in a patent suit, a prior final adjudication in the same circuit, sustaining the patent, after earnest contest, whether in equity or at law on the verdict of a jury, is conclusive on that question, unless new evidence is presented, of such a conclusive character that if introduced in the former case it probably would have led to a different result. The burden is on the defendant to establish this, and every reasonable doubt must be resolved against him. Edison Electric Light Co. v. Electric Manuf'g Co., 57 Fed. 616, etc.

This is a bill in equity brought by Edwin T. Earl against the Southern Pacific Company and Robert Graham and others for alleged infringement of letters patent numbered 465,615, issued December 22, 1891, and reissued letters patent numbered 11,324, dated April 19, 1893, for a ventilator and combined ventilator and refrigerator car. The cause was heard upon a motion for a preliminary injunction, and upon motions to dismiss, as against the Southern Pacific Company and Robert Graham for want of jurisdiction, on the ground that they are not inhabitants of the Northern district of California.

John H. Miller (John L. Boone, of counsel), for complainant.
Wheaton, Kalloch & Kierce (L. L. Coburn and E. S. Pillsbury, of counsel), for Robert Graham.
J. E. Foulds (E. S. Pillsbury, of counsel), for Southern Pacific Co.

MORROW, District Judge (after stating the facts). The patent in this suit was involved in an action at law in this court wherein Edwin T. Earl, the complainant herein, was the plaintiff, and Robert Graham, one of the defendants herein, was the defendant. That action was brought on for trial in March last, and resulted in a verdict and judgment in favor of the plaintiff, and against the defendant. The plaintiff thereupon brought this action to restrain the defendants from making, using, and selling any cars or ventilators containing the patented invention. The bill charges that the defendants in the Northern district of California have jointly used large numbers of cars containing and embracing the invention described and patented in and by said reissued letters patent, and the claims thereof numbered 3, 4, 5, 7, and 8, and have infringed upon the exclusive rights secured to the complainant by the said claims, and that the defendants are now using said cars contain-

ing said patented invention, and threaten to continue using them. The bill further charges that the Southern Pacific Company is a railway corporation engaged in transporting and hauling for hire the cars containing the said patented invention, and in operating and manipulating the ventilators while hauling said cars. The Southern Pacific Company has appeared specially for the purpose of objecting to the jurisdiction of the court, and moves to dismiss the bill of complaint on the ground that the court has no jurisdiction of the person of said defendant, in that it appears upon the face of the bill that the defendant is a corporation organized and existing under the laws of the state of Kentucky, and is therefore an inhabitant of the state of Kentucky, and not an inhabitant of the Northern district of California. The motion is based upon the provisions of the act of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. 433). The act provides:

"But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

The supreme court has held that under this act a corporation incorporated in one state only, and doing business in another state, is not thereby liable to be sued in a circuit court of the United States held in the latter state. Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44. But it has also been held that this exemption does not apply to an alien or a foreign corporation sued here, and especially in a suit for the infringement of a patent right, exclusive jurisdiction of which is conferred upon the circuit court by the fifth subdivision of section 711 of the Revised Statutes, and jurisdiction of the defendant may be obtained in any district where a valid service can be made on the defendant. In re Hohorst, 150 U. S. 659, 14 Sup. Ct. 221; In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273; Smith v. Manufacturing Co., 67 Fed. 801; Button Works v. Wade, 72 Fed. 298. The motion of the Southern Pacific Company to dismiss the action as against that corporation will therefore be denied.

The defendant Graham also objects to the jurisdiction of the court on the ground that he is not an inhabitant of the Northern district of California. He was a defendant in the original action at law in this court, and he submitted to the jurisdiction of the court without objection on this ground, and a judgment was rendered against him. The present action is based upon alleged infringements in this district, and the defendant was personally served in this district. This is sufficient to give jurisdiction in this case. Aside from this, the same reasons upon which the motion of the Southern Pacific Company to dismiss has been denied are applicable to the defendant Graham. Button Works v. Wade, supra.

We come now to the question whether, on the showing made upon the order to show cause, the complainant is entitled to a preliminary injunction. The right to such an injunction is based upon the prior

adjudication in the action at law. The general rule on this subject is stated in Rob. Pat. § 1181, as follows:

"A judgment in the circuit court of the same circuit, sustaining the patent between the same parties and upon the same issues, is sufficient evidence of its validity for the purposes of a subsequent injunction."

See, also, section 1184, and the following authorities: Putnam v. Bottle-Stopper Co., 38 Fed. 234; Heysinger v. Rouss, 40 Fed. 584; Eagle Manuf'g Co. v. David Bradley Manuf'g Co., 50 Fed. 193; Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 687; Macbeth v. Glass Co., Id. 173; Edison Electric Light Co. v. Electric Manuf'g Co., 57 Fed. 616; Id., 10 C. C. A. 106, 61 Fed. 834; Woodard v. Stamping Co., 68 Fed. 717; Johnson Steel Street Rail Co. v. William Wharton, Jr., & Co., 152 U. S. 252, 257, 14 Sup. Ct. 608. In Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., supra, Colt, J., used the following language:

"The general rule is that where the validity of a patent has been sustained by a prior adjudication, and especially after a long, arduous, and expensive litigation, the only question open on motion for a preliminary injunction in a subsequent suit against another defendant is the question of infringement, the consideration of other defenses being postponed until final hearing. Brush Electric Co. v. Accumulator Co., 50 Fed. 833; Robertson v. Hill, 6 Fish Pat. Cas. 465, Fed. Cas. No. 11,925; Cary v. Spring-Bed Co , 27 Fed. 299; Coburn v. Clark, 15 Fed. 804; Manufacturing Co. v. Hickok, 20 Fed. 116; Green v. French, 4 Ban. & A. 169, Fed. Cas. No. 5,757; Blanchard v. Reeves, 1 Fish. Pat. Cas. 103, Fed. Cas. No. 1,515; Goodyear v. Rust, 6 Blatchf. 229, Fed. Cas. No. 5,584; Cary v. Manufacturing Co., 24 Fed 141; Manufacturing Co. v. Woodruff, 5 Biss. 414, Fed. Cas. No. 12,368; Manufacturing Co. v. White, 1 McCrary, 155, 1 Fed. 604; Putnam v. Bottle-Stopper Co., 38 Fed. 234; Consolidated Bunging Apparatus Co. v. Peter Schoenhofen Brewing Co., 28 Fed. 428; Newall v. Wilson, 2 De Gex, M. & G. 282; Davenport v. Jepson, 4 De Gex, F. & J. 440; Bovill v. Goodier, 35 Beav. 427. The only exception to this general rule seems to be where the new evidence is of such a conclusive character that, if it had been introduced in the former case, it probably would have led to a different conclusion. The burden is on the defendant to establish this, and every reasonable doubt must be resolved against him. Ladd v. Cameron, 25 Fed. 37; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970; Winans v. Eaton, 1 Fish. Pat. Cas. 181, Fed. Cas. No. 17,861; Machine Co. v. Adams, 3 Ban. & A. 96, Fed. Cas. No 752; Spring Co. v. Hall, 37 Fed. 691; Lockwood v. Faber, 27 Fed. 63; Glaenzer v. Wiederer, 33 Fed. 583; Cary v. Spring-Bed Co., 26 Fed. 38."

In the case of Edison Electric Light Co. v. Electric Manuf'g Co., supra, Seaman, J., sitting in the circuit court, adopted the rule laid down by Judge Colt, and said:

"The decisions and text-books agree upon the general rule stated in the opinion of Judge Colt (54 Fed. 679),—that an adjudication of the validity of his patent, after bona fide contest, and especially after long and expensive litigation, entitles the complainant to a preliminary injunction in a suit against other infringers, and that the only question open upon his motion therefor is that of actual infringement by the defendant of the claim so adjudged valid. Other defenses are then reserved to final hearing, and injunction issues as of course in the same court, and by comity in other courts. One exception to this rule is sometimes allowed, and that is where there is clear showing of a meritorious defense which was not before the court in the original suit, and which, had it entered into consideration, would probably have defeated the patent or claim. * * * The question here is whether there is such clear showing of merit for this claim now asserted that the defendants should be relieved from the general rule by denying in their case

the usual injunctional order, and the primary inquiry is, what must be the measure of proof demanded? Must it be of the quality and quantity required to defeat the patent at final hearing,—'clear, convincing,. and beyond reasonable doubt,' as held by Judge Colt,—or will it suffice, for denial of the motion, that it shows 'a defense which puts the case in doubt,' as held by Judge Hallett? It is clear that the presumptions must be in favor of the patent, and that it cannot be overthrown by a mere doubt. I think the true test for proof upon the motion is that it shall be sufficient to raise a presumption that it would have defeated the patent, had it been produced at the trial. This would demand at least the full measure required to overcome the presumptive force of the patent, and that every reasonable doubt be resolved against the defense here, as it would be there, as held by Judge Colt. In the eyes of the law, at this stage the complainants stand upon their rights, with their letters patent confirmed after arduous contests, and entitled to preliminary injunctions against infringers; and the defendants must place themselves entirely within the exception to the rule, if they invoke the privileges of that exception, and would deprive the complainants of the fruits of their hard-earned victories."

This case having been affirmed in the circuit court of appeals for the Seventh circuit (10 C. C. A. 106, 61 Fed. 834), the views of Judge Seaman upon this question are therefore of high authority. In Woodard v. Stamping Co., supra, it was held that the same weight should be given to a verdict and judgment at law as is ordinarily accorded to a decree in equity at final hearing sustaining a patent, and that upon a motion for a preliminary injunction the presumption in favor of the validity of the patent arising from the previous adjudication should prevail. In my opinion, the defendants have not made such a showing as to bring them within the exception to the general rule just stated. The motion for a preliminary injunction in favor of complainant will therefore be granted.