ELITE POTTERY CO. v. DECECO CO. et al.

(Circuit Court of Appeals, Third Circuit. January 16, 1907.)

No. 60.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The granting of a preliminary injunction restraining infringement of a patent by a former licensee thereunder *held* within the discretion of the court where the validity of the patent had been sustained by a Circuit Court of Appeals and the defense was its invalidity by reason of anticipation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 473, 474.]

Appeal from the Circuit Court of the United States for the District of New Jersey.

The following is the opinion of the Circuit Court by Lanning, District Judge:

This cause comes before the court on bill and affidavits. One of the two complainants, the Dececo Company, is the owner of the Frame and Neff Patent, No. 425,416, dated April 15, 1890, for an improvement in water-closets. The patent was sustained by the Circuit Court of Appeals of the First Circuit in Dececo Company v. George E. Gilchrist Company, 125 Fed. 293, 60 C. C. A. 207. Shortly after the decision in that case the Dececo Company entered into a contract with the Potteries Selling Company, the other one of the complainants, granting to the Potteries Selling Company an exclusive license to manufacture, use, and sell the invention set forth in the patent within and throughout the United States. The charge against the defendant is an infringement of the patent by manufacturing and selling a closet embodying the invention described in the patent. The defense set up is that of invalidity of the patent. The contention is that the Waring closet, exhibited at the hearing, the essential features of which are described in patent No. 266,404, dated October 24, 1882, was an anticipation of the patent in suit. The Waring patent was not referred to in the opinion of the Circuit Court of Appeals in the Gilchrist Case. In form of construction it differs materially from the closet described in the patent in suit, and also from the closet which the proofs before me show the defendant has been manufacturing and selling. The closet which the defendant is manufacturing and selling is precisely like that which prior to March 28, 1906, it manufactured and sold under a sublicense granted to it by the Potteries Selling Company, and which it then stamped as an invention covered by the patent in suit, and is also very similar to the closet the sale of which was enjoined in the Gilchrist Suit.

In Edison Electric Light Company v. Beacon Vacuum Pump & Electrical Company (C. C.) 54 Fed. 678, the Circuit Court for the District of Massachusetts said: "The general rule is that where the validity of a patent has been sustained by prior adjudication, and especially after a long, arduous, and expensive litigation, the only question open on motion for preliminary injunction in a subsequent suit against another defendant is the question of infringement; the consideration of other defenses being postponed until after final hearing. * * * The only exception to this general rule seems to be where the new evidence is of such a conclusive character that, if it had been introduced in the former case, it probably would have led to a different con-

clusion. The burden is on the defendant to establish this and every reasonable doubt must be resolved against him." This rule was approved by the Circuit Court of Appeals of this circuit in Philadelphia Trust, Safe Deposit & Insurance Company v. Edison Electric Light Company, 65 Fed. 551, 13 C. C. A. 40, and was followed in the Circuit Court by Judge Acheson in Woodard v. Ellwood Gas Stove & Stamping Co. (C. C.) 68 Fed. 717, and in Tannage Patent Co. v. Adams (C. C.) 77 Fed. 191. I think it should have controlling influence in the decision upon the application now before me. The new evidence of anticipation of the patent in suit, introduced in this case, is not of so convincing a character as to lead this court, on this application, to refuse to abide by the adjudication in the Gilchrist Case. The consideration of that evidence must be reserved for the final hearing.

The defendant asks that, if a preliminary injunction be granted, it shall be stayed upon the execution by the defendant of a proper bond of indemnity. This request must be denied. The defendant until March 28, 1906, was manufacturing and selling closets of the type described in the patent in suit under and by virtue of a sublicense granted to it by the Potteries Selling Company, by the terms of which license it was required to render to the Potteries Selling Company true reports of its manufactures and sales, and to pay thereon the royalties prescribed by the license agreement. The bill and the affidavits annexed thereto show that, while the license of the defendant was in force and unrevoked, it made fraudulent reports to the Potteries Selling Company of the number of closets manufactured and sold by it for the purpose of evading the obligation of the agreement to pay a royalty on each closet manufactured and sold. This fraudulent conduct the defendant has been compelled to admit on being confronted with letters written by an agent of the John Douglas Company, a company admittedly in control of the defendant company. The defendant's request, therefore, does not commend itself to the conscience of a chancellor. It is not in a position to induce this court to permit it to carry on a business for which it may ultimately be required to render an account.

The preliminary injunction applied for will be granted.

Edward C. Colston and Clarence E. Mehlhope, for appellant.
Marcus B. May and R. V. Lindabury, for appellees.

Before GRAY and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. The grant or refusal of a preliminary injunction in this case was, under the facts, a question for the sound discretion of the court below. After argument and careful consideration we find nothing to warrant the conclusion on our part that such discretion was not wisely exercised by that court. Its decree will therefore be affirmed. In so doing we refrain from any present discussion of the question involved as such discussion may well await final hearing.