GAMEWELL FIRE ALARM TELEGRAPH CO. v. HACKENSACK
IMPROVEMENT COMMISSION.

(District Court, D. New Jersey. May 20, 1912.)

1. PATENTS (§ 314*)—INFRINGEMENT—PRELIMINARY INJUNCTION—ISSUE.
    Where a patent has been held valid in prior litigation, and defendant, in a suit for infringement, relies on a prior use to invalidate the patent, and in doing so pleads a defense which was not presented in the cases wherein the patent was sustained, the only matter which can be considered on an application for a preliminary injunction is the question of infringement and whether the evidence of prior use is such that, had it been before the court in the case in which the patent was sustained, the court would probably have reached a different conclusion.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 550-553; Dec. Dig. § 314.*]

2. PATENTS (§ 312*)—INFRINGEMENT—PRELIMINARY INJUNCTION—BURDEN OF PROOF.
    Where, in a suit for infringement of a patent, sustained in prior litigation, defendant pleaded prior use not previously presented, the burden was on defendant to show that the prior use was such as, if previously presented, would probably have caused a different decision; every reasonable doubt being resolved against it.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 543-549; Dec. Dig. § 312.*]

In Equity. Suit by the Gamewell Fire Alarm Telegraph Company against the Hackensack Improvement Commission for patent infringement. On motion for preliminary injunction. Granted.

─────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edmonds & Edmonds, for the motion.
Charles K. Offield and Albert H. Graves, opposed.

CROSS, District Judge. The application for a preliminary injunction in the above-entitled cause is founded upon a bill of complaint which alleges that the defendant is about to install and use, in connection with its fire alarm system, certain fire alarm or signal boxes which infringe complainant's patent to one Ruddick, No. 553,873, recently sustained by this court after an arduous and protracted contest in a cause between the complainant herein and the mayor and common council of the city of Bayonne. 194 Fed. 147. That action was admittedly defended, as is also the present one, by the Star Electric Company, the manufacturer of the alleged infringing boxes. The complainant's patent will expire within a few months. The rule to show cause why a preliminary injunction should not issue, pursuant to the prayer of the bill, was supported by a number of ex parte affidavits, to which opportunity was afforded the defendant to reply. No direct reply thereto was made, but it was agreed by counsel, at the argument of the rule to show cause, that certain affidavits and exhibits used by the defendant in the case above mentioned, wherein the complainant's patent was sustained, on an application by it for a rehearing, might be considered on this application as fully as if the same were made and entitled herein.

[1, 2] The defendant relies upon a prior use to invalidate the patent in suit, and in doing so sets up a defense which was not presented in the case wherein the patent in suit was sustained. The rule applicable to this case in its present situation is that the only matters which can be considered are the question of infringement and whether the evidence of prior use is of such a conclusive character that, had it been before the court in the case in which the patent was sustained, the court would probably have reached a different conclusion. The burden of proof in this respect is upon the defendant, and every reasonable doubt must be resolved against it. Elite Pottery Co. v. Dececo Co., 150 Fed. 581, 80 C. C. A. 567. The rule just referred to is fully stated and confirmed by numerous authorities in Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co. (C. C.) 54 Fed. 678, wherein Judge Colt says:

"The general rule is that where the validity of a patent has been sustained by prior adjudication, and especially after a long, arduous, and expensive litigation, the only question open on motion for a preliminary injunction in a subsequent suit against another defendant is the question of infringement; the consideration of other defenses being postponed until final hearing. Brush Electric Co. v. Accumulator Co. [C. C.] 50 Fed. 833; Robertson v. Hill, 6 Fish. Pat. Cas. 465 [Fed. Cas. No. 11,925]; Cary v. Domestic Co. [C. C.] 27 Fed. 299; Coburn v. Clark [C. C.] 15 Fed. 804; Mallory Manufacturing Co. v. Hickok [C. C.] 20 Fed. 116; Green v. French, 4 Ban. & A. 169; Blanchard v. Reeves, 1 Fish. Pat. Cas. 103 [Fed. Cas. No. 1,515]; Goodyear v. Rust, 6 Blatchf. 229 [Fed. Cas. No. 5,584]; Cary v. Manufacturing Co. [C. C.] 24 Fed. 141; Sargent Manufacturing Co. v. Woodruff, 5 Biss. 444 [Fed. Cas. No. 12,368]; Kirby Bung Manufacturing Co. v. White [C. C.] 1 McCrary, 155, 1 Fed. 604; Putnam v. Bottle Stopper Co. [C. C.] 38 Fed. 234; Consolidated Bunging Apparatus Co. v. Peter Schoenhofen Brewing Co. [C. C.] 28 Fed. 428; Newall v. Wilson, 2 De Gex, M. &

G. 282; Davenport v. Jepson, 4 De Gex, F. & J. 440; Bovill v. Doodier, 35 Beav. 427.

"The only exception to this general rule seems to be where the new evidence is of such a conclusive character that, if it had been introduced in the former case, it probably would have led to a different conclusion. The burden is on the defendant to establish this, and every reasonable doubt must be resolved against him. Ladd v. Cameron [C. C.] 25 Fed. 37; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970 [29 L. Ed. 1017]; Winans v. Eaton, 1 Fish. Pat. Cas. 181 [Fed. Cas. No. 17,861]; Machine Co. v. Adams, 3 Ban. & A. 96; Spring Co. v. Hall [C. C.] 37 Fed. 691; Lockwood v. Faber [C. C.] 27 Fed. 63; Glaenzer v. Wiederer [C. C.] 33 Fed. 583; Cary v. Spring Bed Co. [C. C.] 26 Fed. 38."

The above rule was followed by the Circuit Court of Appeals of this circuit in Philadelphia Trust Safe Deposit & Insurance Co. v. Edison Electric Light Co., 65 Fed. 551, 13 C. C. A. 40. See, also, Tannage Patent Co. v. Adams (C. C.) 77 Fed. 191, and Woodard v. Ellword (C. C.) 68 Fed. 717. No question has been made herein that the boxes which the defendant proposes to install infringe the patent in suit. The only matter, therefore, requiring careful consideration, and such it has received, is whether the alleged prior use has been sufficiently shown by clear and convincing evidence to make it probable that, had it been introduced into the original case, it would have changed its decision.

Defendant's affidavits may fairly be said to raise a doubt, but that alone is insufficient. Cohen v. Stephenson & Co., 142 Fed. 467, 73 C. C. A. 583. I am satisfied that they do not meet and satisfy the requirements of the rule. I am unable to say that, had the facts disclosed by the defendant's affidavits been introduced in the original case, they would probably have led to a decree invalidating the patent. Reasonable doubt exists as to whether the use referred to was two years prior to Ruddick's filing his application for the patent in suit, and as to whether the box offered in evidence was identically like those which, it is alleged by the defendant, constituted the prior use, and as to whether, if it was, it covered all of the claims now in issue. There is also doubt as to whether the alleged prior use was not experimental. There is some evidence that it was. In the above and other respects, the affidavits are not so conclusive as reasonably to satisfy me that the alleged defense will be maintained at final hearing. It is sufficient to say, and that without prejudging the merits of the defense, that it must be further developed, and the doubts now apparent therein resolved, before it can properly be made the basis of judicial action. It must stand over until final hearing.

As the defendant is a municipal corporation, I shall require the complainant to give a bond of indemnity to it, in the usual form in such cases, in the penal sum of $1,500, whereupon a preliminary injunction will issue, pursuant to the prayer of the bill of complaint.