GAMEWELL FIRE ALARM TELEGRAPH CO. v. STAR ELECTRIC CO.

(District Court, N. D. New York. September 25, 1912.)

INJUNCTION (§ 26*)—SUITS FOR INFRINGEMENT—INJUNCTION TO RESTRAIN PROSECUTION.

    In view of the right given by statute to the owner of a patent to bring suit against every user of an alleged infringing device, a court should not interfere by injunction with the exercise of that right.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

In Equity. Suit by the Gamewell Fire Alarm Telegraph Company against the Star Electric Company. On motion by defendant for injunction. Denied.

See, also, 199 Fed. 185.

Edmonds & Edmonds, Samuel Owen Edmonds, and Dean S. Edmonds, all of New York City, for complainant.

Hinman, Howard & Kattell, of Binghamton, N. Y., and Offield, Towle, Graves & Offield, of Chicago, Ill., for defendant.

RAY, District Judge. The defendant, Star Electric Company, is making and selling a fire alarm signal box alleged by the complainant above named to be an infringement of United States letters patent No. 553,873, dated February 4, 1896, and which will expire February 4, 1913. The present Star Electric Company was organized in July, 1910, and purchased the assets, etc., of a corporation of the same name, which became bankrupt shortly before. That company made and put upon the market a fire alarm signal box which was held to be an infringement. The defendant does not make that type of box. In another suit by the above-named complainant against the Hackensack Improvement Commission (199 Fed. 182) the patent was held valid, and an order for an injunction granted, which is now pending on appeal.

It is claimed that the apparatus sought to be enjoined in that suit is the same as the one involved in the present suit. The papers show that another suit has been brought by the complainant against the city of Pittsburgh, a user of the signal box now made by the defendant here. The only suit against the present Star Electric Company, which is the maker and seller of the alleged infringing device, is the one now pending, and which has not been brought to a final hearing. In this pending suit the plaintiff moved for a preliminary injunction which motion has just been denied; but the defendant is required to keep an account of signal boxes made and sold, with names of purchasers and dates of sale. There is doubt as to the validity of the patent, and doubt whether it covers the structure made by the defendant. The defendant contends that other suits are threatened against users of the device made by the defendant, and that the defendant company will be compelled to spend large sums of money and be to great trouble in defending these suits. The defendant also contends that the determination of the present suit against the Star Electric Company will dispose of the whole matter, and that the prosecution of suits against users of the alleged infringing device ought to be enjoined. Much may be said in favor of this contention; but I am of the opinion, on the whole, that it would be unwise to interfere with the complainant in bringing suits, and that it is safe to leave the question of temporary injunctions with the various judges who will hear applications therefor, if any are made.

So long as the statute gives the right to the complainant to bring suit against every user of the alleged infringing device, it is probably unwise for the court to interfere by injunction with the assertion of that right. Whether preliminary injunctions shall be granted or not must be determined by the judge who hears the application on the papers presented, and I doubt not that, in the condition of the present litigations between the parties, these judges will exercise their discretion wisely, and so as to promote justice so far as possible.

Motion denied.