## Case No. 17,394.

### WELLS v. GILL et al.

[6 Fish. Pat. Cas. 89;[1] 2 O. G. 590.]

Circuit Court, D. New Jersey. Nov., 1872.

PATENTS—INJUNCTION—PRIOR JUDGMENT SUSTAIN-
ING PATENT—EFFECT OF APPEAL—REISSUES
—DISCRETION OF COMMISSIONER.

1. Ordinarily, a verdict and judgment sustaining a patent, control the discretion of a judge when he is asked to award a provisional injunction. They relieve him from the necessity of inquiring into the validity of the patent, and if he is satisfied there has been an infringement, the injunction may be said to be almost a thing of course.

2. If the judgment is acquiesced in, or is affirmed by the supreme court, any doubts in regard to the originality of the invention, or the validity of the patent, if considered de novo, should yield to the effect of the judgment.

[Cited in Campbell Printing-Press & Manuf'g Co. v. Manhattan Ry. Co., 49 Fed. 933.]

3. When, after judgment, a writ of error has been taken to the supreme court, although the presumption is that the judgment is correct, yet, when a motion for an injunction is brought in another circuit, the court will consider the errors alleged to have been committed at the trial, and if convinced that the case was submitted to the jury mistakenly—that there was radical error—will disregard the judgment.

[Cited in Woodard v. Ellwood Gas-Stove & Stamping Co., 68 Fed. 718.]

4. The motion for an injunction is an appeal to judicial discretion, and the court ought not to award the writ, unless satisfied that the complainant has a clear right, which the defendant is infringing.

5. The commissioner of patents, in granting a reissue, determines that what is claimed therein, was a part of the original invention, or included in it.

6. His decision is not absolutely conclusive in all cases, but it is settled that it is not re-examinable in the circuit court, unless it is apparent, upon the face of the patent, that he has exceeded his authority: unless there is such a departure of the new from the old patent, that it must be held, as a matter of legal construction, that the new patent is for a different invention.

7. In view of the case being before the supreme court, injunction withheld, if the defendants, within ten days, file a bond for the payment of the profits they may derive from the continued use of the invention, and for the damages such use may cause the complainants.

In equity. Motion for provisional injunction. Suit [by Eliza Wells against John Gill and George H. Gill] brought upon reissued letters patent for improvement in machinery for making hat-bodies, No. 2,942, dated May 19, 1868, granted to Eliza Wells, as administratrix of Henry A. Wells, deceased. The history of the patent, the claims of the original and the subsequent reissues, together with engravings of the machine, will be found in the report of Wells v. Jacques [Case No. 17,399]. In connection with the case of Wells v. Gill was argued the case of Eliza Wells v. Yates, the questions involved being the same in each.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

E. N. Dickerson, for complainant.
Soule & French, for defendants.

Before STRONG, Circuit Justice, and NIXON, District Judge.

STRONG, Circuit Justice. To comprehend fully the merits of this motion, a brief statement of the facts exhibited by the proofs will be convenient. It appears that on April 25, 1846, letters patent for a hat-body manufacturing-machine were granted to Henry A. Wells, and that the patent was afterward extended seven years from April 25, 1860. The patentee having died, a further extension, by virtue of a special act of congress, was granted to Eliza Wells, the present complainant, as administratrix of the original inventor. This second extension was for seven years from April 25, 1867. The extended letters were subsequently surrendered, and a reissue was granted May 19, 1868. It is upon these reissued letters that the present complaint is founded.

Soon after the reissue, the present complainant commenced an action at law, in the circuit court of the United States for the Southern district of New York, against Ira Gill, who was at that time carrying on business at Walpole, Massachusetts, in partnership with his two sons, John Gill and George H. Gill, the present defendants. The suit was brought August 20, 1868, and it was for an alleged infringement of the last reissued patent. Soon afterward the complainant also filed a bill in equity, complaining of infringement in Massachusetts, against Ira Gill, and against his two sons above named, which remained undetermined, awaiting the trial of the action at law in New York. That case came to trial in April, 1872, and the result was a verdict and judgment for the plaintiff, and against Ira Gill. One, if not both the present defendants were present at the trial, and, though not parties to the record, nor technically privies, they were interested in the result in consequence of their partnership with their father.

During the trial, exceptions were taken to some of the rulings of the circuit judge, and a writ of error has been sued out to remove the judgment to the supreme court of the United States, where it is now pending. But that the verdict was satisfactory to the judge who presided at the trial appears plainly, I must conclude, from his subsequent action. It is averred in the bill, and not denied by any affidavits of the defendants, that, since the rendition of the judgment, injunctions have been granted at the suit of the complainant, in Connecticut, against infringements of her patent, and granted by the judge who tried the case in New York. It is also averred that in Massachusetts an injunction has been awarded against Ira Gill and these defendants, unless they give bonds to account for what, on final hearing, may be decreed against them. When it is observed that the bill is sworn to, not upon information and belief, but upon the

complainant's own knowledge, I think these averments, uncontradicted, must be regarded as established facts for the purposes of this motion, and that they accord with the judgment at law in tending to establish the right of the complainant.

It further appears that the defendants removed from Massachusetts to New Jersey a short time before the trial in New York, and that they are now using machines substantially the same as those which, in the action in the circuit court, were adjudged to be infringements of the Wells patent.

In view of these facts, the first and main question which I am to consider, is whether the exclusive right of the complainant, to the invention described in the patent, is sufficiently established to entitle her to a preliminary injunction.

Ordinarily, a verdict and judgment sustaining a patent, are controlling over the discretion of a judge, when he is asked to award a provisional injunction. They relieve him from the necessity of inquiring into the validity of the patent, and if he is satisfied there has been an infringement, the injunction may be said to be almost a thing of course. And had the judgment against Ira Gill been acquiesced in, or had it been affirmed by the supreme court, I should have no hesitation in awarding an injunction against even a stranger to the action, much less against those who, not parties to the record, nor technically privies, were partners with the defendant in the use of machines which were adjudged infringements, and who were present at the trial. Any doubts I might have in regard to the originality of the invention, or the validity of the patent, if considered de novo, I should feel constrained to yield to the effect of the judgment. But in this case there were exceptions taken to the rulings of the circuit judge, and a writ of error has been sued out.

The judgment, therefore, though conclusive while it stands, is, in one sense, not final. It may be reversed or it may be affirmed. The writ of error may be abandoned, and the judgment be left to stand as rendered. Meanwhile, is the judgment of no effect? Surely this question can not be answered in the affirmative. Even in a court of errors, the presumption is that the judgment of an inferior court, having jurisdiction, is correct. The burden is upon him who asserts error to show it. A plaintiff in error always has the affirmative. I agree that the motion for an injunction is an appeal to judicial discretion, and that I ought not to award the writ unless my conscience is satisfied that the complainant has a clear right which the defendants are infringing. I agree, also, that the judgment in the case of Wells against Ira Gill should not, under the circumstances, be considered as conclusive; and that I should consider, not only the errors alleged to have been committed at the trial, but also, independently, what has been alleged against the validity of the patent, and in denial of the defendant's infringement.

I have, therefore, reviewed the requests that were made for instructions to the jury, and the charge of the circuit judge, and I find nothing which I am prepared to say was erroneous. I am not sitting as a court of errors, but even now the judgment of the circuit court of New York is entitled to the presumption that it was right. Yet, if I were convinced that the case had been submitted to the jury mistakenly—if in the directions, or want of directions. of the circuit court, I thought there was radical error—I would disregard the judgment, and treat it as if it had never been rendered. I am not yet so convinced. Without discussing in detail the various matters which are suggested against the correctness of the mode of submission, this at least may be said, that error is not so palpable as to justify my treating the present motion as if nothing had been done to establish the plaintiff's right. At least the judgment, followed as it has been by injunctions elsewhere, and by the approval of the judge who presided at the trial of the case, makes out a prima facie case of title in the complainant, and of the infringement by the defendants.

Then what is there to repel this apparent right? It is insisted that the reissue to Eliza Wells embraces more than the original invention for which the patent was granted to Henry A. Wells, and therefore that the reissued patent is void.

But this is one of the questions which was tried in the action against Ira Gill. and decided adversely to what the defendants now claim. Besides, the commissioner of patents, when he granted the reissue, determined that what is claimed therein was a part of the original invention, or included in it. I do not say that his decision is absolutely conclusive in all cases; but it is settled that it is not re-examinable in the circuit court. unless it is apparent. upon the face of the patent, that he has exceeded his authority—unless there is such a departure of the new from the old patent, that it must be held. as a matter of legal construction, that the new is for a different invention. It would be going very far were I to hold this. in view of the action of the commissioner. and of the verdict and judgment in New York. And even without regard to those, I should hesitate in coming to the conclusion that the reissued patent is void. I am unable to perceive how anything that was decided in Burr v. Duryea. 1 Wall. [68 U. S.] 531, determines that what is claimed in the reissue was not embraced in the original invention.

That the machines used by the defendants are infringements of the complainant's patent. was one of the matters decided in the case of Wells v. Ira Gill [Case No. 17,395]. and it must be conceded unless the question is still entirely open. Undoubtedly, the machine of the defendants is variant from the Wells machine in form and general appearance, as also in some details; but I think it substantially the same in principle and in mode of operation. Placed side by side, and operated at the same

time, the conviction forced upon my mind is very strong that the differences between them are formal merely, not substantial. At all events, the differences are not, in my judgment, sufficient to overcome the proper effect to be given to the verdict in the action against Ira Gill, even though that verdict and the judgment therein are not conclusive.

In my opinion, therefore, the complainant is entitled to an injunction. But, in view of the fact that the judgment in the circuit court of New York may be reversed, I think an injunction should be withheld if the defendants give security for the payment of the profits they may derive from the use of the invention, and for the damages their use may cause the complainant. I certainly would not order a provisional injunction if the judgment in the circuit court of New York had not been recovered.

Let, therefore, an injunction issue, unless the defendants, within ten days after notice of this order, shall give bond, with sufficient security, to be approved by the clerk of the court, conditioned to keep an account of all the hat-bodies made by each of the machines in question, and to file such account, under oath, once in three months in the clerk's office of this court, and to pay the amount of any final decree in this case; and in case the defendants neglect to file such account ten days after the expiration of every three months, it is ordered that an injunction issue. The bond to be given in the penal sum of $20,000. The same order, I think, should be made in the case of Wells v. Yates.

[For other cases involving this patent, see note to Burr v. Cowperthwaite, Case No. 2,188.]