LADD, Trustee, etc., *v.* CAMERON.

*(Circuit Court, D. New Jersey.* August 15, 1885.)

1. PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTION—DECISION IN ANOTHER CIRCUIT AS TO VALIDITY OF PATENT.

Where a patent has been declared valid by a decision in another circuit in a contest respecting a preliminary injunction, such decision will be followed unless new evidence is presented of such a character and significance that it would probably, if introduced in the first cause, have led to a different decision.

2. SAME—LACHES.

A preliminary injunction will not be granted when it is shown that the defendant has, with the knowledge of complainant, openly used the infringing mechanism for more than seven years before the institution of the suit.

Motion for Preliminary Injunction.

*Chas. D. Adams* and *W. C. Witter*, for the motion.

*M. T. Newbold* and *A. Z. Keasbey, contra.*

NIXON, J. The application for a preliminary injunction in this case must be refused. The complainant's patent has been declared valid, after protracted litigations, by the circuit court of the United States for the Southern district of New York. I fully recognize the propriety of following the decisions of my brethren in other circuits, and in all contests respecting preliminary injunctions. I accept as conclusions such adjudications, unless new evidence is presented of such a character and significance that it would probably, if intro-

duced into the first case, have led to a different decision.    See *Bailey Wringing-machine Co.* v. *Adams*, 3 Ban. & A. 96.    Upon this motion I must accept the uncontradicted affidavit of the defendant as true. He swears to the existence of two facts, either of which is sufficient to defeat this application.    (1) That he has been in the open, notorious use of the flexible and elastic foundation strips, in the construction; (2) that the owners of the patent have, since 1878, known of his use of the mechanism now complained of, and have taken no steps, except making idle threats, to restrain him.    This laches is accounted for, and attempted to be excused, by the statement that the owners of the patent were quarreling among themselves, from the date of the patent until 1882, and that since that latter date they have been constantly engaged in establishing their rights against other infringers.    This is not satisfactory for such a long delay.    If the complainant and those whom he represents could, for any cause, refrain from proceeding against open infringers for more than seven years, it will be no hardship for them to wait for a few months longer for an injunction, if it shall appear, on final hearing, that one should be issued.