### ELECTRICAL ACCUMULATION Co. *v.* JULIEN ELECTRIC Co. *et al.*

*(Circuit Court, S. D. New York. November 3, 1891.)*

PATENTS FOR INVENTIONS—DISSOLUTION OF INJUNCTION.

The owner of a patent, after long and expensive litigation, secured an injunction against infringement, and afterwards the defendant was allowed to amend his answer by setting up that the invention was covered by a Spanish patent, and that the same had recently expired, which allegation, if proved, invalidates plaintiff's patent. Plaintiff denied both allegations. *Held,* that defendant was not entitled to a dissolution of the injunction pending the hearing on the issues thus raised.

In Equity. Suit for infringement of patent. On motion to dissolve an injunction.

*Frederic H. Betts,* for complainant.

*Thomas W. Osborn* and *W. H. Kenyon,* for defendants.

COXE, J. This is a motion to dissolve an injunction issued pursuant to an interlocutory decree, on the ground that the complainant's patent is invalidated by the expiration of a Spanish patent for the same invention. At the oral argument it was decided that the questions presented were too important to be determined on affidavits, but that the defendants should be permitted to amend their answer and set up the expiration of the Spanish patent as a defense, and that the proofs *pro* and *con* upon the issue thus raised should be taken in the usual way. The only question reserved for further consideration was whether, pending the taking of the proofs, the injunction should be suspended. It is unnecessary at this time to allude to the questions which this new defense will present further than to say that the complainant denies that the Spanish patent has expired, and insists that it is not for the same invention as the patent in suit. It must be remembered that the complainant obtained a decree after an unusually long, arduous and expensive litigation. This decree was upon one claim only, and that claim was restricted within narrow limits. 38 Fed. Rep. 117; 39 Fed. Rep. 490. A judgment so obtained should not be lightly set aside. To suspend the injunction is tantamount to vacating the decree. It would seem unjust to the complainant to overthrow, even temporarily, a judgment reached after years of toil upon *ex parte* and, possibly, incorrect statements. In a matter of such importance the complainant should retain its rights until deprived of them by testimony presented in the usual course of equity proceeding. With ordinary diligence the question can be determined in the course of a few months. The defendants cannot be seriously injured by the short delay, especially in view of the fact that they have at all times contended that there is nothing novel or desirable in the complainant's patent as limited by the decree, and that a Faure electrode has no advantages over electrodes otherwise mechanically coated. It is thought that the safer, wiser and more orderly way is to permit the decree to stand until the proof regarding the Spanish patent is presented. The questions can then be carefully

considered and decided with deliberation without recourse to presumption, and without danger of injustice to either party. If complainant unreasonably delays the taking of proofs, the motion may be renewed.

Motion denied.