ACCUMULATOR CO. v. CONSOLIDATED ELECTRIC STORAGE CO. et al.

(Circuit Court, D. New Jersey. January 17, 1893.)

1. PATENTS FOR INVENTIONS — PRELIMINARY INJUNCTION — COMITY BETWEEN CIRCUITS.

On a motion for a preliminary injunction against the infringement of a patent a circuit court will ordinarily follow the decision of another circuit court upholding the patent and declaring infringement, especially when the parties are practically the same, and the acts complained of are iden-

tical; and the injunction will not be denied upon the ground of a newly-discovered defense, or additional evidence, unless it is of so potent a character as to convince the court almost beyond a reasonable doubt that, if presented in the prior case, the result would have been entirely different.

2. SAME.

On a motion for a preliminary injunction against the infringement of letters patent No. 252,002, granted to C. A. Faure, for secondary storage batteries, it appeared that the patent had been thrice sustained in another circuit after long, expensive, and arduous litigation; but there was presented as a new defense evidence tending to show that the inventor had procured a Spanish patent for the same invention, which had since expired by limitation. It appeared, however, that this defense had been set up in the prior case, subsequent to the decree therein, by a motion to dissolve the injunction, and that the court had then refused, on practically the .same evidence, and after full argument, to suspend the injunction or vacate the decree. On the present motion defendant's affidavits, both as to the identity of the invention covered by the Spanish patent and as to the expiration thereof, were strongly controverted by complainant. *Held,* that on this state of facts the court would not deprive complainant of the fruits of its victory by denying the preliminary injunction, but would require it to give a bond to cover any damages caused thereby to defendant, in case the defense was held valid after final hearing.

In Equity. Bill by the Accumulator Company against the Consolidated Electric Storage Company and others for infringement of a patent. Heard on motion for preliminary injunction. Granted.

F. H. Betts, for complainant.

Thomas W. Osborne, William H. Kenyon, and C. L. Mitchell, for defendants.

GREEN, District Judge. The bill of complaint in this case was filed to enjoin an infringement of certain letters patent now owned by the complainant, dated January 3, 1882, and numbered 252,002, and granted to C. A. Faure, for secondary storage batteries. The first claim of this patent has been upheld and sustained as a valid claim by the United States circuit court for the southern district of New York in several contested cases. Electrical Accumulator Co. v. Julien Electric Co., 38 Fed. Rep. 117, and Electrical Accumulator Co. v. New York & H. R. Co., 40 Fed. Rep. 328. The defendant company in the first-named case,—the Julien Electric Company,—and who was practically the defendant in the second case also, has been absorbed by the Consolidated Electric Storage Company, the present defendant. Mr. Bracken, the president of the defendant company, was the president of the Julien Electrical Company, and it is not denied that the defendant company has taken over all the plant and business of the Julien Electrical Company to itself, and is practically its successor. The letters patent having been declared valid by a judgment of a circuit court of the United States, this court will adopt such adjudication on well-established principles, and accept the conclusions there arrived at, especially as the parties are the same, or practically so, and the infringing acts are substantially identical in character.

The complainant now comes into this court to ask for a preliminary injunction against the defendant, and as it appears that the acts which the complainant alleges to be infringing acts have been ad-

judged so to be in a court of competent jurisdiction in another circuit, and that the predecessors of the defendant have been enjoined and prohibited by the decree of such circuit court from the commission of such infringing acts, ordinarily the motion would be granted. The comity which exists between the federal courts would justify such action on the part of this court without further investigation into the merits of the case.

But the defendants allege that they have a new and valid defense to the charges made against them by the complainant. Admitting, they say, that the letters patent now owned by the complainant were valid when granted, and that the claim alleged to be infringed has been sustained by the circuit court in the jurisdiction mentioned, yet that since that adjudication it has been made known to them that Faure obtained a patent in Spain for the same invention covered by the letters patent in the United States; that the patent in Spain, being limited to a term of 10 years, and having been issued in 1881, ipso facto expired in 1891, which date was previous to the alleged infringing acts committed by the defendant corporation; that, the expiration of the Spanish patent necessarily ending by force of the statute the life of the American patent, the monopoly which had been secured to Faure by the American letters patent has ceased and determined, and that there is no longer any hindrance to the manufacture of storage batteries as invented by Faure in this country. They further declare that this defense has never been raised and determined by any court, and is now made for the first time, on this present occasion, and hence they contend that no preliminary injunction should be granted.

The rule is well settled that where a patent has been declared valid by a decision of a circuit court of the United States in one circuit, such decision will be followed by the federal courts in other circuits, unless it shall be made to appear that new evidence has been discovered, or a novel defense is to be presented, of such a character and of such significance that, if it had been introduced at the hearing in the other circuit, it would have led the court there to a different conclusion. Does this case fall within the exception? The complainant here is entitled to all the protection that can be justly claimed from the result in New York. The patent in question has been sustained there after an unusually long, arduous, and expensive litigation; not only once, but twice, and thrice. To deny to the complainant the fruits of its legal victory, except for causes which necessarily compel such a result, would be to make judicial proceedings a travesty of justice. Nor is it true that alleged new defenses will always work a suspension of the granting of an injunction based upon the adjudication in another circuit. Such statement of the rule is too broad. The defense, to be effective, must be so potent in its character as to carry conviction almost to the degree of being beyond a reasonable doubt, that, if it had been made in the original cause, and upon the first hearing, the court would have arrived at a totally different result. Now, in this case it appears that after the granting of the injunction upon final hearing in New York application was made by these defendants to the court there to dissolve that injunction upon the very ground

that the granting of the Spanish patent had been discovered, and that such Spanish patent had determined by lapse of time, and so had determined the American patent. The matter was vigorously argued, but the court in New York declined to suspend the injunction, or vacate the decree which it had made. Judge Coxe in delivering the opinion of the court says:

"This is a motion to dissolve an injunction issued pursuant to an interlocutory decree on the ground that the complainant's patent is invalidated by the expiration of a Spanish patent for the same invention. At the oral argument it was decided that the questions presented were too important to be determined upon affidavits, but that the defendants should be permitted to amend their answer, and set up the expiraton of the Spanish patent as a defense, and that the proof pro and con upon the issue thus raised should be taken in the usual way. The only question reserved for further consideration was whether, pending the taking of the proofs, the injunction should be sustained. It must be remembered that the complainant obtained a decree after an unusually long, arduous, and expensive litigation. This decree was upon one claim only, and the claim was restricted within narrow limits. A judgment so obtained should not be lightly set aside. To suspend the injunction is tantamount to vacating the decree. It would seem unjust to the complainant to overthrow, even temporarily, a judgment reached after years of toil upon ex parte, and possibly incorrect, statements. In a matter of such importance the complainant should retain its rights until deprived of them by testimony presented in the usual course of equity proceeding. With ordinary diligence the question can be determined in the course of a few months. The defendants cannot be seriously injured by the short delay, especially in view of the fact that they have at all times contended that there is nothing novel or desirable in the complainant's patent as limited by the decree, and a Faure electrode has no advantages over electrodes mechanically coated." 47 Fed. Rep. 892.

The motion to dissolve the injunction was denied.

From an examination of the papers it is apparent that the facts concerning the Spanish patent now opened to this court were fairly laid before the court in New York, yet that court was not persuaded to change its opinion as originally pronounced. Judge Coxe distinctly held that, notwithstanding the evidence touching the new matters of defense, the complainant was entitled to retain all the rights that had been accorded to it, until deprived of them by testimony presented in the usual course of equity proceedings. It is quite clear that if these rights ought to be retained by the complainant this court should not weaken or destroy them by refusing to accept and act upon the judgment of Judge Coxe in the case before him. The defense upon which the defendant now relies is, as has been stated, that the expiration of the Spanish patent has worked the forfeiture of the American patent. Judge Coxe, in the case of Brush Electric Co. v. Electrical Accumulator Co., 47 Fed. Rep. 48, in characterizing a defense of this nature, used this language:

"It may as well be admitted that this defense does not appeal strongly to the conscience of a court of equity. Statute creates it, and in all cases where the facts are clear the statute must be implicitly followed. But no one can examine the course of judicial decision upon the subject without being impressed with the fact that the courts have sought to construe it liberally, and have seldom, except in the plainest cases, permitted it to defeat a valuable patent."

And again:

"These observations are, perhaps, only germane to the present inquiry, as they tend to emphasize the suggestion already made that in dealing with a defense where, as in this case, the disaster following the inventor's act is so

out of proportion with the fault, if fault it be, the court should proceed with the utmost caution, and, where the evidence is not clear, give to the inventor the benefit of the doubt."

If this alleged new defense is to prevail in opposition to this motion for an injunction pendente lite, it is necessary that the defendants should satisfy the court that the invention of the Spanish patent is the same invention as that patented in the American patent, and that the term of the Spanish patent (actual or potential) has really expired. The burden of proof must necessarily fall upon the defendant. The complainant denies that the Spanish patent has actually expired, and insists that it is not for the same invention as the patent in the suit. As to the second contention, the expert witnesses for the complainant are as positive and as clear and as emphatic in their assertion that the invention protected by the Spanish patent is not identical in any respect with that protected by the American letters patent, as are the expert witnesses for the defense in their assertions to the contrary. Upon a somewhat hasty, and perhaps a superficial, examination of the claims of the two patents, there seems to be ground for asserting a distinct difference. Take, for instance, the first claim of the Spanish patent, it is clearly for a process. The first claim of the American patent is for a storage battery, or for an element of a storage battery. Like differences are apparent in other claims. I do not say that upon a close analysis of the two patents, with such light thrown upon them as able and expert witnesses may reflect by their testimony, the patents may not prove to be practically for the same invention; but in the present state of the case, and as the matter has been presented to me, there exist serious doubts as to that, which, upon the present motion, must be resolved against the defendant.

I am unwilling, upon the proofs as they are now before me, to render nugatory the adjudication of the circuit court in New York by refusing, upon the grounds taken by the defendant, a preliminary injunction. On the contrary, the true object of the preliminary injunction is to retain matters in statu quo until a final hearing. The statu quo in this case, equitably considered, is that the defendant, being under injunction in another jurisdiction, should be so dealt with by this court that such injunction would be, as far as practicable, effective here, the acts which it is doing having been determined to be infringements of Faure's patent; and until the court can be fully satisfied that Faure's patent has no valid existence such acts ought to be enjoined. Of course it is quite possible that the position taken by the defendant touching the Spanish patent, and the insistment that its determination has destroyed the American patent, may be the conclusion reached finally by this court. If such result should be arrived at, this cause would fall from the want of jurisdiction of the court to entertain it. If this court has not jurisdiction, its injunction would have been improvidently issued, and the defendant would be entitled to pecuniary redress for the resulting interference with its business. Under these circumstances, while the motion for a preliminary injunction is granted, it is upon the condition that the complainant file a bond in the sum of $5,000 with the clerk of this court, conditioned for the pay-

ment of such pecuniary damages as may accrue to the defense by reason thereof, if it shall appear finally that this court has been ousted of jurisdiction by the necessary effect of the lapse of the Spanish patent.