PHILADELPHIA TRUST, SAFE–DEPOSIT & INSURANCE CO. et al. v. EDISON ELECTRIC LIGHT CO. OF NEW YORK et al.

(Circuit Court of Appeals, Third Circuit. January 11, 1895.)

### No. 21

1. EQUITY— PRELIMINARY INJUNCTION—PATENT CASES.
    Upon applications for preliminary injunctions to restrain infringements of patent rights, the general rule is that, where the validity of the patent has been sustained by prior adjudication, and especially after arduous litigation, the only question open is that of infringement; the consideration of other defenses being postponed until final hearing, except where there is new evidence of such a conclusive character that, if it had been introduced in the former case, it would probably have led to a different conclusion, the burden of establishing which is on the defendant. Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 678, followed.

2. SAME.
    Upon an application for a preliminary injunction to restrain the use by defendant of electric lamps infringing plaintiff's patent, it appeared that the validity of the patent had been sustained in suits against several other infringers, but that in a suit against a certain manufacturer a preliminary injunction had been denied, on his giving security for damages, on the ground that a defense not set up in the prior litigation might defeat the suit, which defense, however, was set up and overruled in a subsequent case. *Held,* that the lamps made by the manufacturer who had not been enjoined should not be exempted from the operation of the injunction to be issued against the use by defendant of lamps infringing plaintiff's patent.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit by the Edison Electric Light Company of New York and the Edison Electric Light Company of Pennsylvania against the Philadelphia Trust, Safe-Deposit & Insurance Company, trustee under the will of John Crump, owner of the Colonade Hotel, and George R. Crump and Henry J. Crump, to restrain the infringement of a patent. From an order granting a preliminary injunction (60 Fed. 397), defendants appeal.

Paul D. Cravath, for appellants.

Samuel B. Huey and C. E. Mitchell, for appellees.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

WALES, District Judge. This is an appeal from the order of the circuit court of the United States for the Eastern district of Pennsylvania granting a preliminary injunction against the defendants,

and enjoining them from using certain electric lamps, which are alleged to infringe the second claim of letters patent No. 223,898, dated January 27, 1880, issued to Thomas A. Edison, and generally known as the "Edison Filament Patent." The second claim reads as follows:

"The combination of carbon filaments with a receiver made entirely of glass, and conductors passing through the glass, from which receiver the air is exhausted, for the purposes set forth."

The validity of the patent had already been sustained in the circuit courts of the United States in other districts. Edison Electric Light Co. v. United States Electric Lighting Co., 47 Fed. 454; affirmed by the United States circuit court of appeals for the Second circuit, 3 C. C. A. 83, 52 Fed. 300; Edison Electric Light Co. v. Sawyer-Man Electric Co., 3 C. C. A. 605, 53 Fed. 592; Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 678. In the present suit the validity of the patent was not directly assailed. It was admitted that the lamps used by the defendants infringed the second claim, and that the complainants were entitled to the injunction, provided that certain lamps should be exempted from the operation of the writ, namely, the lamps which were manufactured by the Columbia Incandescent Lamp Company, of Missouri. The ground on which this exemption was demanded was that in the suit of the Edison Electric Light Co. v. Columbia Incandescent Lamp Co. (in the United States circuit court for the Eastern district of Missouri) 56 Fed. 496, a motion for a preliminary injunction had been refused, for the reason that the court entertained a doubt of the novelty of the Edison invention, notwithstanding the prior adjudications in its favor. The defense in that case was that Henry Goebel had, long before the date of the Edison patent, made an incandescent lamp, different in form, but in all essential features the same as that now in general use; and it was on the strength of this claim, which the court said was supported by "a fair preponderance of testimony," that the motion was denied, on the defendants giving a bond in $20,-000, with approved surety, conditioned for the payment of such sum, if any, which might be decreed against them on final hearing. The same identical defense had been made before in the suit by the same complainants against Beacon Vacuum Pump & Electrical Co., supra, and, after a protracted trial and investigation, had been discredited and overruled. The Goebel defense was also set up in the subsequent case of Edison Electric Light Co. v. Electric Manuf'g Co., 57 Fed. 616, and was again overruled, and the decree in that case has been in all respects affirmed by the United States circuit court of appeals for the Seventh circuit. Electric Manuf'g Co. v. Edison Electric Light Co., 10 C. C. A. 106, 61 Fed. 834.

In the proceedings now under review, no evidence relative to the Goebel claim of anticipation was submitted to the court; consequently we have nothing to do with the merits of that defense here. We cannot, however, fail to observe that such a defense comes at a late day, after the patent had been repeatedly sustained by the courts, and when its term is about expiring, and should therefore be received with the utmost caution. Our present inquiry is to ascertain the rule

of practice which has been generally followed in disposing of motions for preliminary injunctions against persons who are charged with the infringements of patents. In the Missouri case the court held that "complainants must show a clear right in support of a preliminary writ, and a defense which puts a case in doubt is sufficient to defeat the application." That is the rule which governs all applications where the patent has not undergone prior judicial investigation and been sustained; but in cases similar to the one before us "the general rule is that where the validity of the patent has been sustained by prior adjudication, and especially after a long, arduous, and expensive litigation, the only question open, on motion for a preliminary injunction, in a subsequent suit against another defendant, is the question of infringement, the consideration of the other defenses being postponed until final hearing. * * * The only exception to this general rule seems to be where the new evidence is of such a conclusive character that if it had been introduced in the former case it would probably have led to a different conclusion. The burden is on the defendant to establish this, and every reasonable doubt must be resolved against him." Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., supra. This rule, with its exception, was followed in Edison Electric Light Co. v. Electric Manuf'g Co., supra. In Barbed-Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450, the supreme court, in dealing with unpatented devices, claimed to be complete anticipations of the patent in suit, the existence and use of which were proved only by oral testimony, used the following language:

"In view of the unsatisfactory character of such testimony, arising from the forgetfulness of witnesses, their liability to mistakes, their proneness to recollect things as the party calling them would have them recollect them, aside from the temptation to actual perjury, courts have not only imposed upon defendants the burden of proving such devices, but have required that the proof shall be clear, satisfactory, and beyond a reasonable doubt."

A fortiori should such proof be exacted from infringers who attack a patent which has passed successfully through several previous contests. In the Missouri case, the court, in declining to recognize as of binding authority the prior decision of the circuit court of appeals for the Second circuit, said:

"No doubt is entertained as to the conclusive effect of that decree, here and elsewhere, as to all matters in issue in that cause; for, although the respondent was not a party to that litigation, the court would not, on a preliminary motion, consider any matter which passed to judgment in that suit. But the Goebel defense was not made in that suit, and therefore the case has not the authority on this motion which has been ascribed to it."

It may be justly inferred from this statement that, if the subsequent decision of the circuit court of appeals for the Seventh circuit, which rejected the Goebel claim of anticipation, had been rendered at the time when the application for a preliminary injunction against the Columbia Incandescent Lamp Company was made, the writ would have been granted without controversy.

This conclusion would seem to be sufficient to dispose of the present appeal, but the appellants have urged some objections against the order appealed from which may be briefly noticed. One of these

is that the Edison Electric Light Company of Philadelphia will be protected by the bond given to the complainants in the suit against the Columbia Company in Missouri. To this it may be answered that the Philadelphia Company is not a party to the suit in the Missouri district, and could not sue on the bond of the complainants therein, should the latter succeed in obtaining a decree for damages. The Philadelphia Company is a licensee, and the damages which it may suffer from the loss of profits by the use of the infringing lamps can be recovered only from the defendants and other infringers in the city of Philadelphia. Another objection is that the Edison Electric Light Company, by bringing its suit against the Columbia Incandescent Lamp Company, thereby practically made that company its licensee. But since Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, the law has been settled that the recovery of damages from a defendant, for manufacturing and selling, will not prevent the recovery of other substantial damages from the defendants' vendees, for their profits upon reselling the patented articles. Kelley v. Manufacturing Co., 44 Fed. 19; Tuttle v. Matthews, 28 Fed. 98. It has been often repeated that a patentee has three distinctive rights,— the right to make, the right to sell, and the right to use his patented articles,—and that whoever invades any one of these rights is an infringer, and liable for damages. We have seen that the rule which was adopted by the circuit court for the Eastern district of Missouri is applicable only in those cases where the patent has not been sustained by prior adjudication, and that in cases of the character of the one before us, the uniform practice has been to require the defendant to place himself within the exception requiring him to prove his defense beyond a reasonable doubt; and we are clearly of the opinion that the court below, in refusing to modify its order, and exempt from the writ of injunction the lamps made by the Columbia Incandescent Lamp Company, acted in accordance with the established practice, and in the observance of that rule of comity which has always prevailed in the courts of the United States in like cases. Sessions v. Gould, 49 Fed. 855; Electrical Accumulation Co. v. Julien Electric Co., 47 Fed. 892; Cary v. Spring-Bed Co., 27 Fed. 299; Coburn v. Clark, 15 Fed. 804; Siebert Cylinder Oil Cup Co. v. Michigan Co., 34 Fed. 33; Ladd v. Cameron, 25 Fed. 37. The decree of the circuit court is affirmed.