WOODARD et al. v. ELLWOOD GAS STOVE & STAMPING CO.

(Circuit Court, W. D. Pennsylvania. April 18, 1895.)

No. 13.

**1. COURTS—COMITY IN PATENT CASES—EFFECT OF VERDICT AND JUDGMENT.**

In an action at law for infringement of a patent there was a verdict for plaintiff, and the court entered judgment thereon in his favor. Subsequently, in a suit in equity in another circuit against another infringer, the defendant set up the same defenses which had been made in the previous action at law. *Held,* that the same weight should be given to the verdict and judgment at law as is ordinarily accorded to a decree in equity at final hearing sustaining a patent, and that upon a motion for a preliminary injunction the presumption in favor of the validity of the patent arising from the previous adjudication should prevail.

**2. SAME—VAPOR STOVES.**

The Klein and Woodard patent, No. 249,842, for a vapor-burning stove attachment, *held* valid and infringed, on motion for preliminary injunction.

This was a bill by William H. Woodard and L. D. Benedict against the Ellwood Gas Stove & Stamping Company, for infringe-

ment of a patent for a vapor-burning stove attachment. Complainants moved for a preliminary injunction.

George H. Lothrop, for plaintiffs.
John R. Bennett, for defendant.

ACHESON, Circuit Judge. This is a suit for the infringement of letters patent No. 249,842, issued November 22, 1881, to Charles F. Klein and William H. Woodard, for a vapor-burning stove attachment, and the case is now before the court upon a motion for a preliminary injunction. Clearly the defendant infringes if the patent is valid. This is not denied. To defeat this motion, the defense mainly relied on is that the patentees were not joint inventors, but that Klein was the sole inventor of the device in question. It appears, however, that in an action at law for the infringement of this patent brought September 17, 1887, by these plaintiffs against the Dangler Stove & Manufacturing Company in the United States circuit court for the Northern district of Ohio, Eastern division, this same defense, among others, was set up and vigorously pressed, the action being defended not only by the company there sued, but by a combination of vapor-stove manufacturing companies. In that case, after a protracted trial, there was a verdict sustaining the patent. The defendant moved for a new trial, assigning as one of the principal reasons in support of the motion the finding by the jury of joint inventorship by the patentees. After argument, the court, on November 17, 1888, overruled the motion, and entered judgment for the plaintiffs on the verdict. Subsequently to the rendition of that judgment, there was no infringement of the patent until this defendant began to infringe shortly before the date of this suit. In support of the allegation that the patentees were not joint inventors, but that Klein was the sole inventor, the present defendant has produced a caveat filed by Klein alone, and also an affidavit of Klein. But that caveat was in evidence in the former action, and Klein was there examined as a witness for the defense to show that he was the sole inventor. As to the question of joint inventorship, the proofs now before me are by no means convincing that the verdict of the jury and the judgment of the court thereon were erroneous. In view of the former adjudication, I am of the opinion that the presumption that the patent rightly issued to the patentees as joint inventors must prevail upon this application for a preliminary injunction, and that the consideration of this defense must be postponed until final hearing. This conclusion is in accord with the general rule of practice approved by the circuit court of appeals for this circuit in Philadelphia Trust, Safe-Deposit & Ins. Co. v. Edison Electric Light Co., 13 C. C. A. 40, 65 Fed. 551. The suggestion that less weight should be given to the verdict of the jury and judgment of the court here relied on than is to be accorded to a decree in equity sustaining a patent cannot be accepted. Wells v. Gill, 6 Fish. Pat. Cas. 89, 91, Fed. Cas. No. 17,394. The question of joint or sole inventorship is largely one of fact, and presumably the finding of the

jury in this instance was based upon proper instructions given by the court. Then, the finding was sanctioned by the court by the refusal to disturb the verdict and the entry of judgment thereon. The patent in suit has but a few years to run, and the plaintiffs should not be lightly deprived of the benefit of the verdict and judgment they have obtained. Moreover, the defendant is a very deliberate infringer.

The defense of want of patentability was not much pressed here. It failed in the former action. The only prior patent exhibited here is the one to A. J. White. That patent, however, was set up in defense in the former suit. I do not think that it anticipates or affects the patent in suit; and I am entirely satisfied, upon the present proofs, that the plaintiffs' patent is for a new and useful invention. A preliminary injunction will be allowed.