WESTINGHOUSE AIR-BRAKE CO. v. BURTON STOCK-CAR CO.

(Circuit Court, D. Maine. September 30, 1895.)

No. 463.

1. PATENTS—PRELIMINARY INJUNCTION—EFFECT OF PRIOR DECISIONS.
    Although, for the purposes of this hearing, defendant acquiesced in an adjudication in another circuit in which the patent was held valid, and made no question as to infringement, yet, inasmuch as it appeared that the complainant did not use the patented device, but only made and sold it, and that the defendant did not manufacture, but only used, the patented device, and had no intention of acquiring additional patented devices, and as it further appeared that there was no difficulty in making full compensation on an accounting for damages, except a possible difficulty made by the complainant itself, interlocutory injunction was refused. Morris v. Manufacturing Co., 3 Fish. Pat. Cas. 67, Fed. Cas. No. 9,833, and Hoe v. Advertiser Corp., 14 Fed. 914, followed.

2. SAME—PUBLIC INCONVENIENCE.
    In determining whether a preliminary injunction shall issue, public inconvenience is not to be considered, where the result would be to deprive the patentee of his property without just compensation.

This was a bill by the Westinghouse Air-Brake Company against the Burton Stock-Car Company for alleged infringement of letters patent No. 376,837, granted January 24, 1888, to George Westinghouse, Jr., for an improvement in air brakes.

John F. A. Merrill (George H. Christy and Frederic H. Betts, of counsel), for complainant.

Fish, Richardson & Storrow, for defendant.

PUTNAM, Circuit Judge. The patent in issue, so far as it concerns this cause, has been sustained, after a full hearing on the merits, by the circuit court, and also by the court of appeals in the Second circuit, in a suit by the present plaintiff against the infringing manufacturer. Westinghouse Air-Brake Co. v. New York Air-Brake Co., 59 Fed. 581, and 11 C. C. A. 528, 63 Fed. 962. For the purposes of this motion the defendant is content to rest the case on that fact, but reserves for the final hearing all questions as to the validity of the patent or its scope. There is no issue on the question of infringement. But the defendant is not a manufacturer, and only uses a number of the infringing devices, with no apparent intention of making any additions thereto pending this litigation. It also appears that the complainant does not use its own devices, or receive any royalty from their use, but manufactures

and sells them in connection with certain other parts, which are not in issue here, and that it does not sell them except in such connection; that the price which is demanded and received for each set of connecting parts, including the patented device, is $40; that the patented device has not been sold separately; so that there is no fixed price or royalty by which damages or profits can be certainly determined. The defendant uses about 1,200 infringing devices, which were purchased by it from the manufacturer after sufficient notice to it of complainant's claims, and of the pending litigation in the Second circuit.

The defendant rests its defense to the pending motion upon the claim that on the facts of the case, substantially as we have stated them, it is not one in which equitable principles require or permit an interlocutory injunction to issue. It sets out especially that the defendant is only a user to a limited extent, as we have already explained; that such use, under the circumstances we have stated, cannot injure the complainant except in a way and to an extent which can be fully compensated for by a pecuniary award; that there is no suggestion that the defendant is not entirely solvent, and able to answer any decree which may be entered against it; that on the question of inconvenience the preponderance is very great against the defendant, to such an extent that, with the rest, an interlocutory injunction would compel the defendant to accede to the complainant's terms before its rights can be finally determined; and that the granting of the motion would also involve great public inconvenience.

So far as public inconvenience is concerned, while that may, under some conditions, be taken into account, yet it should not be under such circumstances as to deprive a patentee of his property without just compensation, or to put him in a position where there is substantial danger of that result. However, in the present case, the nature and extent of the threatened public inconvenience are not of a character to require our consideration. The propositions touching the inconvenience to the defendant, although put with great force, do not suggest to the court anything which could not be obviated by proper limitations in the injunction order, beyond that degree of inconvenience which the defendant assumed when it purchased the infringing devices after notice from the complainant.

The complainant maintains that under the later decisions of the supreme court it is impossible to estimate in this case the damages and profits arising from the infringement, and that, therefore, an injunction is the complainant's only available remedy. But the present motion relates only to the value of the use of the infringing devices pending the litigation. We think there will be no serious difficulty in determining that; but, if there is, it is one of the complainant's own making, arising from its refusal to supply the patented devices disconnected from other parts. As we understand the practice in this circuit, and in some other circuits, the general rule is that, where the validity of a patent has been sustained by prior adjudication, as is the case at bar, after a long, arduous, and expensive litigation, the only question open on a motion for a preliminary injunction in a subsequent suit against another defendant is the question of infringe-

ment; the consideration of other defenses being postponed until final hearing. The rule was so stated by Judge Colt, in February, 1893, in Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 678, 679, and he further said, in the same case, that the only exception to this general rule seems to be where the new evidence is of such a conclusive character that, if it had been introduced in the former case, it probably would have led to a different conclusion. Whether this practice is in all respects in harmony with the fundamental principles of equitable jurisprudence, or with the expressions found in the best text-writers and judicial utterances, can only be determined by an appellate tribunal. Philadelphia Trust, Safe-Deposit & Ins. Co. v. Edison Electric Light Co. of New York, 13 C. C. A. 40, 65 Fed. 551 (decided by the United States circuit court of appeals for the Third circuit as late as January, 1895), carries this stringent rule against infringers to such an extent as to sustain a temporary injunction where the facts showed all the substantial features of the case at bar, except only, perhaps, the claim of special inconvenience, which we have already said we do not regard as of importance here. If we are to follow these broad expressions, and the conclusions of the case last cited, we would feel compelled to grant the pending motion. Yet, on the other hand, in cases where the facts relied on by the defendant were substantially the same as at bar, Judge Lowell, in the circuit court for the district of Massachusetts, in February, 1883, in Hoe v. Advertiser Corp., 14 Fed. 914, and previously, in 1866, in Morris v. Manufacturing Co., 3 Fish. Pat. Cas. 67, Fed. Cas. No. 9,833, refused preliminary injunctions. If these rulings of Judge Lowell still stand as law in this circuit, this injunction must be refused. We are of the opinion that the present practice has developed, and the broad expressions we have cited were used, without any specific reconsideration of the earlier rulings, or of a case whose circumstances were like those at bar with reference to the character of the infringement, and of the method by which the patentee avails himself of the profits arising from his patent. In Morris v. Manufacturing Co., ubi supra, Judge Lowell said, on page 69:

"In the present case the defendants are admitted to be fully responsible for any profits or damages that may be decreed against them. This is a material circumstance. Another is that the defendants do not make or vend the patented machine, but only use it, so that the injury to the plaintiffs is a loss of their royalty, and not a damaging and constantly increasing competition."

In Hoe v. Advertiser Corp., he said, on page 915:

"Nor would it [meaning a preliminary injunction] be of any advantage to the plaintiffs, except to coerce a settlement, for they do not use printing machines, but make and sell them in the market. Whatever they are entitled to in the way of damages, amounts, in effect, to a royalty. Their real damage was suffered when this machine was bought, and is not affected by the amount or duration of its use."

In each of these cases before Judge Lowell the validity of the patent had been sustained in another district, and the defendant was a user, and not a manufacturer. The conclusions of Judge Lowell apply directly to the facts at bar. In our judgment, they are in

harmony with the fundamental rules of equity jurisprudence; and we think, under the circumstances, we ought to follow them. The motion for a preliminary injunction is denied.