## ALLINGTON & CURTIS MANUF'G CO. et al. v. LYNCH et al.

### (Circuit Court, D. Connecticut. January 8, 1896.)

### No. 859.

1. PATENTS — PRELIMINARY INJUNCTION — PRIOR ADJUDICATIONS — NEW EVIDENCE.

   Where a preliminary injunction is sought upon the strength of a prior adjudication, the defense of new evidence of anticipation must be made out by such cogent and conclusive proof as to convince the court that, if presented in the former case, it would have led to a different conclusion.

2. SAME—DUST COLLECTORS.

   Preliminary injunction granted to restrain infringement of claims 1, 2, and 3 of patent No. 403,362. claims 1 and 2 of No. 403,363, and claim 4 of No. 403,770, granted to O. M. Morse, and claim 4 of No. 409,465, granted to N. W. Holt, for improvement in dust collectors.

This was a suit in equity by the Allington & Curtis Manufacturing Company and others against Arthur C. Lynch and George W. Christoph for alleged infringement of certain patents for improvements in dust collectors.

Chas. K. Offield and Albert H. Walker, for complainants.
Parkinson & Parkinson and Edmund Wetmore, for defendants.

TOWNSEND, District Judge. The complainants herein ask for a preliminary injunction against the infringement of the following

claims of the following patents, namely: Claims 1, 2, and 3 of No. 403,362, claims 1 and 2 of No. 403,363, claim 4 of No. 403,770, and claim 4 of No. 409,465. These patents cover improvements in dust collectors, and all of them were granted in 1889. Title in complainants and infringement are proved. The validity of these claims was sustained by Judge Grosscup in April, 1894, after a protracted and thorough hearing. Knickerbocker Co. v. Rogers, 61 Fed. 297.

The sole defense relied upon at this hearing is certain new evidence of anticipation. A portion of this new evidence was made the basis of a motion to Judge Grosscup for a reargument, which motion was denied. The burden is upon the defendants to support this affirmative defense by such cogent and conclusive proof as to convince this court that, if it had been presented upon the former hearing, it would probably have led to a different conclusion. In several cases the courts have held that such defense must be established beyond a reasonable doubt. Accumulator Co. v. Consolidated Electric Storage Co., 53 Fed. 800; Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 679; Edison Electric Light Co. v. Electric Manuf'g Co. (1893) 57 Fed. 616; Electric Manuf'g Co. v. Edison Electric Light Co. (1894) 10 C. C. A. 106, 61 Fed. 834; Philadelphia Trust, Safe-Deposit & Insurance Co. v. Edison Electric Light Co. (1895) 13 C. C. A. 40, 65 Fed. 553. The new evidence submitted fails to meet the requirements of said rule. It is presented generally, under the head of the Post & Co., Dueber, and Wooster defenses, by depositions and affidavits tending to show that, prior to the patented inventions, anticipating collectors or separators had been constructed and operated in certain factories and mills. The principal witness for defendants is Thomas Lee, the maker of the infringing apparatus in this case, and who is defending this suit. He claims that the separators constructed by him prior to 1889 for Post & Co.'s buffing and polishing rooms, and for the Dueber Watch-Case Manufacturing Company, contain substantially all of said patented improvements. It is admitted that, if his statements are true, the claims in suit are void. But it appears that, although during the years 1888, 1889, and 1890, said Lee bought patented dust collectors from the complainants herein, he never stated that he had any knowledge of such a collector as he now claims he made in 1879 and 1882. He did not apply for a patent therefor. He made no other similar collectors between 1882 and 1887, and said Post & Co.'s collector was used only for about a year, and was not removed to or duplicated in their new factory. Furthermore, Lee contradicts himself in his various affidavits. His testimony is unsupported, except by oral evidence. It is contradicted by the affidavits of the assistant superintendent of said factory, and by workmen employed in running said buffing and polishing machines, and the then president, secretary, and others stated that they had no knowledge of the existence of any such collector; and, although some of these witnesses have since made affidavits qualifying in some respects their prior statements, it is at least not clear, from a consideration of the whole evidence, that defendants have proved the existence of an anticipating device in the Post & Co. fac-

tory. The Dueber collector was abandoned within a year. Defendants' expert only contended that it anticipated the claims of patent No. 403,362. The evidence submitted does not satisfactorily show that it so embodied the construction of the patent in suit as to perform its functions. The same may be said of the Wooster separator.

In view of the conclusions reached, I have refrained from discussing the construction of these devices, further than has seemed necessary in order to determine whether they are sufficient to relieve the defendants from a preliminary injunction under the rule.

It is further claimed that complainants have been guilty of laches in failing to prosecute a certain other suit on said patents, brought in 1891, in the circuit court for the Southern district of Ohio, and now pending therein, which is defended by said Lee. But the defendant therein only used a single dust collector, the character of which is disputed, and has discontinued its use; while these defendants are engaged in the business of selling and installing infringing collectors manufactured by said Lee, who defends this suit. It does not appear that, since the decision of Judge Grosscup sustaining the patents in suit, there has been any unreasonable delay in instituting this suit, or in asking for this preliminary injunction. In these circumstances, I think the complainants have the right to ask for this relief in this court, upon these adjudicated patents, irrespective of the condition of the other pending suit. The motion is granted.