CAMPBELL PRINTING-PRESS CO. v. PRIETH et al.

(Circuit Court, D. New Jersey.   January 7, 1897.)

1. PATENTS—PRELIMINARY INJUNCTION—ADJUDICATIONS IN OTHER CIRCUITS.
    Upon an application for a preliminary injunction, based upon a final decree in another circuit, the court, so long as that decree stands unrevoked and unmodified, will not consider any suggestions that it is irregular and of doubtful validity.

2. SAME—BOND FOR DAMAGES.
    Upon an application for a preliminary injunction, based upon a final decision in another circuit, where the case made is practically the same, and no special hardship to defendant is shown, the court will not permit a bond to be given to respond in damages, in place of the temporary injunction prayed.

This was a suit in equity by the Campbell Printing-Press Company against Benedict Prieth and others, to restrain the use of a machine alleged to be an infringement of a patent relating to printing presses.   The cause was heard upon an application for an injunction pendente lite.

Louis W. Southgate, for complainant.
Alexander & Dowell, for defendants.

KIRKPATRICK, District Judge.   The facts of this case, as presented by the bill of complaint and answering affidavits, are these: That the complainant is the assignee of a patent, No. 376,053, issued to one Stonemetz for improvements in printing presses; that it has brought suit against Marden & Rowell in the United States circuit court in the district of Massachusetts for the improper use of a machine similar to the one now complained of, charging it to be an infringement upon said patent; that, after hearing, the said circuit court adjudged the complainant's patent to be valid, held the Marden & Rowell machine to be an infringement, and enjoined its use by them.   From this decree an appeal was taken, and afterwards dismissed, on motion of the defendants in said suit, without prejudice.   A new hearing was asked on the ground of newly-discovered evidence, and granted; but such proceedings were had that at this time there stands a final decree in the United States circuit court for the district of Massachusetts, dated December 16, 1895, adjudging the Marden & Rowell machine to be an infringement of the complainant's patent, and an injunction against the use of the infringing machine.   It also appears that the Marden & Rowell machine was manufactured by the Duplex Printing-Press Company; that the suit against Marden & Rowell was defended by counsel of the Duplex Company; that, after the entry of the said interlocutory decree, a suit was instituted by the complainant against the Duplex Printing-Press Company in the United States circuit court in the district of Michigan to restrain the manufacture by them of ma-

chines similar to the Marden & Rowell machine; that an injunction was granted by the United States circuit court for the district of Michigan; and that, upon an appeal to the circuit court of appeals of the Sixth circuit, the defendants were permitted, for reasons given, to complete the machines then in course of manufacture upon giving a bond in the sum of $25,000. It is admitted by the defendants that the machine now being used by them is similar to the Marden & Rowell machine, which was the subject-matter of the litigation in the United States circuit court of Massachusetts, and it is alleged by them to be one of the machines for the manufacture of which a bond was exacted in the circuit court of appeals of the Sixth circuit.

It is a well-settled principle, and one beyond controversy, that when a full, fair, and bona fide hearing has been had upon the merits of the case, and the validity of a patent, or any claim thereunder, passed upon by one circuit court, such determination shall, upon an application for a preliminary injunction, be sufficient ground for granting the same by another circuit court, when the parties are practically the same; and the suggestion of newly-discovered evidence will not be regarded, unless it be of so great weight as to satisfy the court that, if presented at the former hearing, it would have been sufficient to have changed the result. Accumulator Co. v. Consolidated Electric Storage Co., 53 Fed. 796; Electric Manuf'g Co. v. Edison Electric Light Co., 10 C. C. A. 106, 61 Fed. 834. But it is contended that the decree of the United States circuit court of the district of Massachusetts, while apparently final, is irregular, and of doubtful validity. With these questions this court will not deal. So long as the decree of the circuit court of the district of Massachusetts stands unrevoked and unmodified, the comity which exists between federal courts justifies this court, upon an application of this kind, in accepting its conclusions.

This view was adopted by the United States circuit court for the district of Michigan, where a preliminary injunction was granted as of course, prohibiting the manufacture of machines similar to the Marden & Rowell machines, the use of which had been enjoined in Massachusetts. It was recognized in the circuit court of appeals for the Sixth circuit, where, it is true, the injunction of the circuit court of Michigan was so far modified as to permit the defendants to continue manufacturing upon their giving bond in the sum of $25,000; but that appears to have been upon the ground that the complainants were not at that time actively engaged in the manufacture and sale of these patented machines, while the defendants had in their employ a large number of men, who would have been thrown out of work by the continuance of the injunction of the United States circuit court for the district of Michigan. Both courts recognized the rights of the complainants as determined by the United States circuit court of the district of Massachusetts, though at that time the decree was only interlocutory, and gave such relief as the nature of the case presented to them seemed to require.

It appears, from the complainant's bill filed herein, and the affidavits annexed thereto, that, since the date of the decree of the

circuit court of appeals for the Sixth circuit, the condition of things has been changed. The complainants are now endeavoring to get the full benefit of their invention by the manufacture and sale of their patented machines to the trade. To permit another machine to successfully compete with them, and drive them from the market, by the use of their own patented invention, and remit them to their action for damages in perhaps a multitude of suits, is not the protection contemplated by law. Edison Electric Light Co. v. Philadelphia Trust, Safe-Deposit & Ins. Co., 60 Fed. 397; Philadelphia Trust, Safe-Deposit & Ins. Co. v. Edison Electric Light Co., 13 C. C. A. 40, 65 Fed. 551.

This application is resisted upon the ground of the great hardship it will inflict upon the defendants Prieth, and the confusion an injunction would cause in the conduct of their business of publishing a daily newspaper. The affidavits disclose the fact that the infringing machine has only just now been installed; that it had been in operation but a few days prior to the filing of this bill of complaint; that the old Hoe press used by the defendants, and upon which their work had theretofore been done, is still in their possession, and capable, at slight expense, of being put in condition to do their work; so that, if given a few days' time, the defendants will be able to conduct their business as cheaply and expeditiously as before the Duplex press was installed. They will not be subjected to any inconvenience which they might not have anticipated.

It is charged in the bill that defendant Prieth had notice of complainant's claim that the machine furnished by the Duplex Company was an infringement upon their patents. This is substantially admitted by defendants when they say:

"The agents of the Campbell Printing-Press Company finally attempted to cajole us into purchasing one of their multipresses by threats of suit, and alleging that they had compelled various papers to settle on a basis of $2,500. I personally investigated the matter, and found that such was not the fact, except as to settlement of Marden & Rowell suit."

I think the complainants are entitled to an injunction, as prayed for in their bill.