AMERICAN SULPHITE PULP CO. v. GREAT NORTHERN PAPER CO.

(Circuit Court, D. Maine. February 7, 1908.)

No. 616.

PATENTS—SUIT FOR INFRINGEMENT—INJUNCTION.

On application for a preliminary injunction to restrain the use of structures alleged to infringe a patent which had but a few weeks to run denied, and consideration of the claimed right of complainant to a perpetual injunction against such particular structures on the ground that they were built with knowledge of the patent, and that it had been sustained and were piratical, postponed until final hearing, there being no claim that defendant was insolvent, and it appearing that the injunction would subject it to great inconvenience and loss.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 489–495.]

In Equity. Suit for infringement of patent. On application for preliminary injunction.

Benner & Foster, for complainant.
Bird & Bradley, for respondent.

PUTNAM, Circuit Judge. This is an application for a temporary injunction based on the same patent which was sustained by the Circuit

Court of Appeals for this circuit in American Sulphite Pulp Co. v. Howland Falls Pulp Co., 80 Fed. 395, 25 C. C. A. 500, by an opinion passed down on April 16, 1897. The bill was filed on December 2, 1907, and an application for a temporary injunction was filed practically with the bill. The patent expires on January 27, 1908. In connection with the filing of the application for a temporary injunction, the complainant filed a petition for a subpœna to take testimony of certain witnesses before the case was at issue. On hearing that application, the court was strongly impressed to the effect that it was hardly worth while to go into a long investigation for the purpose of obtaining an interlocutory injunction for so short a period as the time between the filing of the bill and the date of the expiration of the patent. The subject-matter was digesters set up in mills for producing chemical pulp; and the complainant urged on the court that the alleged infringing digesters were installed by the respondent corporation with full knowledge that the patent had been sustained, were clearly infringing, and therefore piratical, so that, within certain judicial decisions cited by the complainant, these specific digesters were subject to a perpetual restraint on the ground that they would always be piratical, notwithstanding the complainant would not be entitled to an injunction of a general character extending beyond the 27th of January, 1908. Therefore, in order that the issue might be fully met, at the suggestion of the court, the complainant filed a new application for a temporary injunction, setting out its case in all respects from its point of view; and the respondent excepted to the application, thus raising directly the question whether, on any case the complainant could state, a temporary injunction should be granted.

On the one side, it is plain that it is the duty of this court to hold that the complainant's patent is valid, and to be construed as broadly as stated by the Circuit Court of Appeals for this circuit in the case cited. On the other hand, it is apparent from the complainant's application, and also in the District of Maine it is a matter of common knowledge, that the digesters referred to are of great size, costly, the installation is permanent in its character, and the loss which would arise from a temporary injunction would be so very large that the respondent would be compelled to make with the complainant almost any terms the complainant might demand. In other words, a temporary injunction, if imprudently granted, would unjustly put the respondent at the mercy of the complainant so far as these digesters are concerned.

Under the circumstances, we have now concluded to postpone all consideration of the merits of the claim of the complainant with reference to his right as to the particular digesters in question until final hearing. It is undoubtedly true, as we have said, that even for present purposes the patent must be held to be valid, and must receive a broad construction; but the respondent denies infringement, and that is always to some extent an open question. Also, it is far from certain that the position taken by the complainant with reference to its right as against the existing digesters is sustained, either by the principles of law or by the authorities. Therefore the record is very far from presenting at the present time a case in which the rights of the complainant are fore-

closed against the respondent, as they may be on a final hearing if the positions of the complainant are then sustained.

Under the circumstances, therefore, the court is pressed, as it is ordinarily pressed on matters of temporary injunctions, with a balancing of inconvenience. If the present application is granted, it is plain that the inconvenience to the respondent would be so great as to amount to a very gross injustice if it turns out that the injunction was imprudently issued; while, under the circumstances, it is also plain that there would in no event be any great loss accruing to the complainant pending the time required for a thorough investigation of all of the questions involved. In addition to that, there is no suggestion to the effect that the respondent is not entirely solvent, so there is no reason for supposing that, in any event, the complainant could ultimately be imperiled.

In the particulars to which we refer, the case is not so strong in favor of the complainant as was Westinghouse Air Brake Co. v. Burton Stock Car Co., 70 Fed. 619, 17 C. C. A. 430, decided in this circuit on September 13, 1895, by a judgment which was sustained on appeal. The references there made at page 621, consisting of decisions by Judge John Lowell, fully sustained the conclusion which this court then reached, and demanded the result which we now announce.

The application of the complainant for a temporary injunction, filed on January 27, 1908, is denied.

Note.—Since the announcement of this opinion, we have been enabled to refer to Dun v. Lumberman's Credit Ass'n, 209 U. S. 20, 23, 28 Sup. Ct. 335, 52 L. Ed. —.