WESTINGHOUSE AIR-BRAKE CO. v. BURTON STOCK-CAR CO.

(Circuit Court of Appeals, First Circuit. October 9, 1896.)

No. 177.

PATENT SUITS—PRELIMINARY INJUNCTION—PRIOR DECISIONS.

In a case involving peculiar circumstances, and the possibility of great and indefinite injury to defendant, a mere user, in case the final decision were in his favor, held, that it was within the discretion of the circuit court to refuse a preliminary injunction, although the patent had been sustained, and infringement declared by the circuit court of appeals for another circuit, in a suit against the manufacturer, but that, as a condition of refusing the injunction, defendant should be required to give a bond, in a sufficient sum, to respond in damages.

Appeal from the Circuit Court of the United States for the District of Maine.

This was a bill by the Westinghouse Air-Brake Company against the Burton Stock-Car Company for alleged infringement of letters patent No. 376,837, issued January 24, 1888, to George Westinghouse, Jr., for an infringement in air brakes, and covering a device known as the "quick-action valve." The cause was heard in the circuit court on a motion for a preliminary injunction, and an order was entered denying such motion. 70 Fed. 619. From this order the complainant has appealed. The facts, as they appeared on the hearing of the motion, were, in substance, that the Burton Stock-Car Company is not a manufacturer or seller of the infringing device. It is the owner of patented stock cars used upon railways all over the country. Upon these cars it has in use about 1,200 sets of air-brake apparatus containing the quick-action valve in issue, which were purchased by it from the New York Air-Brake Company, the manufacturer thereof. In a previous suit brought by the complainant against the New York Air-Brake Company in the Second circuit, the circuit court, and also the circuit court of appeals, had sustained the patent, and found infringement. 59 Fed. 581, and 11 C. C. A. 528, 63 Fed. 962. The Burton Stock-Car Company had purchased the apparatus used on its cars before the rendition of these deci-

sions, but with notice of the claim of infringement, and of the pendency of the suit. There was apparently no claim that it had purchased any of the devices in issue after those decisions, or that it had any intention of making further purchases. On the hearing of the motion, defendant did not contest the validity or construction of the Westinghouse patent, nor did it deny infringement, but reserved these questions until the final hearing. It further appeared that the complainant does not use its own devices, or receive any royalty for their use. It grants no rights or licenses under its patent, but itself manufactures and sells the patented device, and then only in connection with other parts, comprising together complete sets of air-brake apparatus. The quick-action valve has never been sold separately, so that there is no fixed price or royalty by which damages or profits can be measured. Upon these facts, it was contended for the defense that the case was not one for preliminary injunction; that the effect of such an injunction would be to compel the defendant to remove the existing air-brake apparatus from its cars, and replace them with complete new sets, including parts not covered by the patent, which it would be compelled to purchase from the complainant; that in order to do this it would be necessary to call in its cars from all over the country to its shops in Chicago, which would involve large expense and very great inconvenience, not only to the defendant, but to the public; that, as there was no question as to defendant's solvency, the continued infringement during the suit could result in no irreparable loss, but the damage, if any, was such as could be compensated by a pecuniary award.

George H. Christy and Frederic H. Betts, for appellant.
Frederick P. Fish, for appellee.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. In this case the patent has been sustained by the circuit court of appeals for the Second circuit (Westinghouse Air-Brake Co. v. New York Air-Brake Co., 11 C. C. A. 528, 63 Fed. 962), and ordinarily that fact, and proper respect for the decision of a co-ordinate court, would incline this court to support an order for a preliminary injunction. But upon examination of the peculiar conditions of this cause, in view of the possible great and indefinite injury to the defendant if, upon final hearing, the court should reach a conclusion different from that of the appellate court in the Second circuit, as well as in view of the power of this court to afford ample security and protection to the complainant if final judgment should be awarded in his favor, we regard the action of the circuit court in refusing an injunction at once as consistent with sound discretion. But at the same time we think the complainant is entitled to such protection as will not be oppressive to the defendant, and this can be afforded by a bond, with reasonable surety, to answer to and pay the amount of any final decree against it, which bond should be in the sum of $40,000, and filed to the approval of the circuit court, or the acceptance of the complainant, within 30 days after the mandate of this court is filed in the circuit court,—otherwise an injunction should issue; and the circuit court may entertain a motion that the injunction be suspended for such reasonable time as shall appear to the court to be necessary, in order that the defendant may comply with the terms thereof. This case is remanded to the circuit court for proceedings in conformity with this opinion, with costs in this court for the appellant.