### DRAPER CO. v. AMERICAN LOOM CO. et al.

(Circuit Court of Appeals, First Circuit.    April 8, 1908.)

#### No. 731.

1. PATENTS—INVENTION AND INFRINGEMENT—LOOMS.
    The Rhoades patent, No. 454,791, for an improvement in looms, was not anticipated, and, while a narrow one, discloses invention; also *held* infringed.

2. SAME—SUIT FOR INFRINGEMENT—NATURE OF RELIEF.
    Where a patent, at the time of a decree adjudging its infringement, has but a short time to run and is for a minor part of a machine, by reason whereof the defendant is liable, if enjoined, to suffer a loss out of proportion to the value of the transaction, the court may, in its discretion, instead of granting an injunction, permit the defendant as an alternative to compensate the complainant or to secure such compensation.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 561-563.]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

William K. Richardson (J. Lewis Stackpole, on the brief), for appellant.

William A. Jenner, for appellees.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a bill brought against the American Loom Company and one of its officers, which, so far as we are concerned, alleges infringement of the fifth claim of letters patent No. 454,791, issued to Alonzo E. Rhoades on June 23, 1891, on an application filed on February 11, 1890, for an improvement in looms of the class in which the shuttle-box is supplied with a shuttle while the lay is in rapid motion. The bill prays, as usual, an injunction and an account against both the American Loom Company and the officer referred to. The Circuit Court dismissed the bill, and the complainant appealed to us. So far as the officer of the respondent corporation is concerned, the case is not brought within the rule established by us in National Cash Register Co. v. Leland, 94 Fed. 502, 509, 37 C. C. A. 372, et seq. Therefore, as to him, the final decree will provide that the bill be dismissed; and, as he has been brought in as one against whom substantial relief is asked, he will recover his costs in the Circuit Court.

The claim in issue is as follows:

"Claim 5. The lay, a rocker having arms provided with a front plate, a7, and a spring and devices between it and the said rocker, to actuate the latter at the proper time to close the front plate at the front of the lay, substantially as described."

The preliminary facts were correctly stated by the learned judge of the Circuit Court as follows:

"The Rhoades patent is concerned with the front or 'front plate' of a shuttle-box. Its application is limited to that sort of shuttle-box which is replenished automatically with a fresh shuttle and a full bobbin when the thread of the spent bobbin is exhausted. At the proper time, and when all the machinery of the loom is in rapid motion, the front plate is gotten out of the way so as to admit the shuttle to the box. After the entry of the shuttle, the front plate is returned to its former place. To secure accuracy of movement in the shuttle, it must fit the box as closely as is consistent with movement across the warp from the box on one side of the loom to that on the other side. Hence there is left no appreciable space between the front plate and the shuttle after the box has been closed by the return of the front plate to its place. The claim of the Rhoades patent here in suit is concerned with the elevation and subsequent lowering of the front plate for the above-described purpose. The result is accomplished by a rocker, whose means of actuation need not be considered here."

We must, however, add to the above that, although the claim in issue does not in terms point out that the rocker and arms are to have a solid construction, so as to be practically a unit, the fair interpretation involves that fact.

The Circuit Court referred to certain alleged anticipations relied on by the respondent corporation, two English patents, and one United States patent, which, according to the views of the respondent corporation, either wholly anticipated claim 5, or so far narrowed it that the respondent corporation could not be held to have infringed. We will hereafter refer to each of these patents again, but, for the present,

we only speak of them generally as showing the state of the art in explanation of the nature of the complainant's invention. We think that two of the patents referred to show that the entire improvement covered by claim 5 was in substituting the solid construction of the rocker and arms which .we have named in lieu of the prior constructions, which were somewhat more complicated, and which might fail to register so accurately. In view of the general state of the art since the use of iron and steel has become universal, a mere substitution of solid construction does not presumably involve invention. Nevertheless, in exactly the same art as that at bar—that is, the art of constructing power looms—which, as everyone knows, must move with rapidity and require great accuracy, we sustained in Houghton v. Whitin Machine Works, 153 Fed. 740, 83 C. C. A. 84, decided by us on February 12, 1907, a patent regarding the construction of a thread-guide support, where exactly and only the same kind of improvement as that at issue here was the subject-matter thereof. Moreover, in the case at bar, we have not only the persistency of the respondent corporation in availing itself of the complainant's improvement, but also a mass of alleged anticipatory patents introduced by it, both of which indicate the desirability of something better· than the prior art. On the whole, while the invention is a narrow one, and, in the absence of the circumstances to which we have referred, might lack patentability, we are compelled to give the complainant the benefit which the issuing of its patent implies. We will add that it is urged on us that the complainant made no commercial use of the patented device; but, utility and patentability being otherwise established, we are not required to investigate the excuse given by the complainant for nonuser.

In regard to the three patents referred to, all of which are discussed by the learned judge of the Circuit Court, we think the complainant is correct in its explanation as to two of them, namely, the patents to Mayne and Brooks, that in each the front plate slides vertically in guide-ways, so that the solid construction of the rocker and arms is absent from them, and the lack of it lays them out of the case. The third patent referred to, the British patent issued to one Bullough in 1866, is apparently relied on as approximating most nearly to the claim in suit. The Circuit Court thought that this patent was so loosely drawn that it was unable to find in it a disclosure sufficiently clear to anticipate. So far as the feature involved here is concerned, the Bullough patent does not seem to have been tested practically. Of course, where mechanical improvements have moved so fast as they have in the last half century, great caution is required in investigating alleged anticipations which date back nearly the whole of that period; and, so far as they did not go into use, so that there was no practical exhibition of them, it is often difficult to determine whether they disclosed such full, clear, and exact terms as are necessary to anticipate. The respondent corporation has called our attention to the fact that the file wrapper shows that the Rhoades application contained originally two claims which were rejected by the Patent Office on a reference to Bullough, which claims were as follows:

"1. The lay having a shuttle-box composed in part of a front plate and arms extended across the lay above the level of its raceway, substantially as described.

"2. The lay, a rocker mounted on the rear side of the lay, and having arms to which is secured the front plate of the shuttle-box, substantially as described."

This fact, however, assists the view taken by the learned judge of the Circuit Court. The application at that time contained claim 5, as against which no reference was made by the Patent Office to Bullough, so that that claim was allowed to stand from the beginning just as we find it now. The claims rejected were of the broadest character, and would cover every combination in which was found a front plate made solid with the arms. Such a combination was shown by Bullough, and, therefore the broad claims were rejected; but there is no evidence that the Patent Office found in Bullough a combination of the front plate and arm made solid in connection with the exact elements and for the exact purpose of the combination of elements in claim 5. Claim 5 is limited by its letter to closing the shuttle-box at the end of the lay where the new shuttle is introduced, while the Bullough device was limited to a shuttle-box at the end of the lay where the old shuttle is ejected, and was described by him as merely an alternative method. At the other end, Bullough's shuttle was inserted downward from the hopper on the top of the lay, so that there was no question of a movable front plate. The inventive element in the claim in suit is of a minimum quantity, but that minimum quantity embraces the difference between a shuttle-box which requires to be closed in a simple manner with accurate registration and a shuttle-box to be opened by any method practicable for opening it. On the whole, construing claim 5 as we construe it, and limiting the inventive element therein as we limit it, we are satisfied there is no anticipation in any of the patents which have been brought to our attention.

This leaves only the question of infringement. As to this the respondent corporation relies on the words in claim 5, "and devices between it and said rocker." It says that all it uses is a stud on the end of the rocker arm to which the spring is attached, and in connection with which the spring operates to pull down the arm at the right instant. That anything which connects the spring directly or indirectly with the arm for the purpose of operating it in any way constitutes devices, in either the common or the mechanical sense of the word, is too plain to question. Therefore the only issue here is whether what thus appears in claim 5 is limited to any special devices. The specification does exhibit special devices, which may or may not be better than the arrangement used by the respondent corporation. The words at the close of the claim, "substantially as described," might or might not incorporate into the claim those special devices. These words are sometimes used to limit a claim, and sometimes to enlarge its operation, but seldom to practically defeat what was the real invention of the patentee. In the present case we have shown that that invention, so far as we are concerned, has no relation to these intervening arrangements for operating the arm in connection with the spring, but is limited to the solid construction of the rocker and the arm. Ap-

plying the ordinary rules of interpretation, the particular devices described in the specification are not a necessary element in this claim, because they are specifically described in other claims in the same patent. Some of those other claims also omit certain elements which appear in the fifth claim, including even the spring. In other words, we find here, what we find in many patents, claims stated in different ways for the purpose of preventing evasion by infringers. Consequently, looking at the entire patent and all the claims, it is apparent that any method which enables the spring to properly operate the arm is within claim 5; and this the respondent has.

Therefore we are compelled to find that the complainant should have relief against the respondent corporation, and to remand the case to the Circuit Court to enable it to grant that relief. There is, however, apparent difficulty as to the nature of the relief to which the complainant is entitled under equitable rules. This patent expires on the 23d day of next June. While, probably, the complainant cannot materially suffer by the continuance of the use of the device of claim 5 for the few remaining months until the expiration of the patent, for us to compel the respondent corporation to reorganize its looms in any essential particulars, or even to stop them for the minimum period of time in which such reorganization could be effected, might impose a penalty in excess of the probable value of the invention covered by the claim in suit. What we have already said is sufficient to show that the invention carries only a minimum of what is patentable. In this connection we refer to the practical rules applied by the Circuit Court in the District of Maine in Westinghouse Co. v. Burton Co. (C. C.) 70 Fed. 619, decided on September 30, 1895, affirmed by the Circuit Court of Appeals in Westinghouse Co. v. Burton Co., 77 Fed. 301, 23 C. C. A. 174, decided on October 9, 1896. We also refer to the authorities relied on in the opinion of the Circuit Court in that litigation. It is true that Westinghouse Co. v. Burton Co. related to a preliminary injunction, as well as did the cases cited. Nevertheless the underlying substantial rule applies here as well as there. Injustice is not to be accomplished by equity either on an interlocutory proceeding or a final one. The complainant may, perhaps, be fully compensated if it is made sure that it will receive whatever damages it may have sustained, if any, or a reasonable royalty, or the equivalent thereof, representing the value of the patented improvement. Therefore it may be that the Circuit Court should make an alternative provision, so that the respondent corporation might at its option be relieved from an injunction if it compensates the complainant for profits. damages, and royalty, or the equivalent thereof, so far as the complainant may be justly entitled to all or any of them, or if it satisfies the court that it will so compensate the complainant by giving security therefor or otherwise.

The judgment of the Circuit Court is reversed, and the case is remanded to that court for proceedings in accordance with our opinion passed down on the 8th day of April, 1908; and the appellant recovers its costs. of appeal against the American Loom Company.